Larry B. Jones, WY State Bar #5-1847
BURG SIMPSON ELDREDGE HERSH & JARDINE, P.C.
1135 14th Street
Cody, Wyoming  82414
307-527-7891
307-527-7897 fax
ljones@skelaw.com

Jon M. Moyers, WY State Bar #6-3661
MOYERS LAW P.C.
490 North 31st Street, Suite 101
Billings, Montana 59101
Telephone:  (406) 655-4900
Facsimile:  (406) 655-4905
jon@jmoyerslaw.com

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| TRI COUNTY TELEPHONE ASSOCIATION, INC., a Wyoming corporation, | ) ) ) |
| Plaintiff, | ) Cause No.  17-CV-89-F ) ) BRIEF IN SUPPORT OF |
| vs. | ) MOTION FOR ISSUANCE ) OF WRIT OF REPLEVIN |
| JOE CAMPBELL AND BARBARA CAMPBELL and JOHN AND JANE DOES 1-10, | ) AND ORDER OF RETURN ) ) |
| Defendants. | ) |

Plaintiff Tri County Telephone Association, Inc., a Wyoming corporation ("Tri County"), respectfully submits this brief in support of its motion for issuance of a writ of replevin or, in the alternative, an order of return directing Mr. Hill and his agent to return the computer to Tri County immediately.

I.  Legal authority

This Court has the inherent authority over the computer *sub judice*.  Rule 64(a) of the

Page 1

Federal Rules of Civil Procedure provides:

> At the commencement of and throughout an action, every remedy is available that, under the law of the state where the court is located, provides for seizing a person or property to secure satisfaction of the potential judgment. But a federal statute governs to the extent that it is applicable.

Fed.R.Civ.P. 64(a). The specific kinds of remedies contemplated by this Rule include the remedy of replevin or order of return of wrongly detained property. Fed.R.Civ.P. Rule 64(b).

Tri County is the owner of the laptop computer which is the subject of this motion. *See* Tri County's Complaint, paragraphs 89-96 (Dkt 1); E. A, Affidavit of Chris Davidson. The computer was purchased by Tri County and provided to Board members, like Mr. Campbell. At the conclusion of their tenure on the Board, the Board members were to return the computers for the company's data to be deleted. Yet, at the conclusion of Mr. Campbell's Board membership, he kept the computer and data. Tri County has made numerous requests for Mr. Campbell to return the computer and data, but Mr. Campbell and his lawyer have refused. Instead, Mr. Campbell's lawyer sent the computer to an unauthorized person to "examine" the computer without the permission of Tri County or guidance from this Court. Tri County maintains that Defendants and their lawyer have improperly detained the computer and data. *Id.*

Under Wyoming law, replevin is the procedure by which Tri County may recover possession of the property wrongfully taken or detained. W.S. 1-15-101(a)(xiii). Under W.S. 1-15-301 *et seq.*, after the filing of a complaint and before entry of judgment, Tri County has the right to recover possession of its personal property. Tri County submits the affidavit of Chris Anderson in support of its motion, in compliance with W.S. 1-15-302. Tri County's motion for issuance of a writ of replevin and order for return of property is proper.

II.    <u>Argument</u>

Tri County is the indisputable owner of the subject computer and has the exclusive right of possession of that property.  As alleged in its Complaint:

> TRI COUNTY gained the immediate right to repossess the laptop and confidential information stored thereon once Joe Campbell's service on the co-operative board was terminated, effective January 1, 2015.  Joe Campbell's conversion of the property began at the time of such termination and has continued to date.

Tri County's Complaint, paragraph 93; *see also* Ex. A, Affidavit of Davidson.  Tri County has the immediate need to ensure that its proprietary and confidential data is returned and no longer accessible by its former Board member.  Mr. Campbell has no legal right to that computer or data, and Tri County believes he has shared that data and used that data for his own agenda.  To ensure its rights to this data, Tri County moves this Court for the return of the computer.  Mr. Hill, his client, and his expert have no right to that data.

In addition, Tri County has an immediate need to access that data in order to progress this lawsuit.  Tri County intends to conduct non-destructive testing of the computer hard drive and director to determine what Defendant accessed while he was a Board member, how he used or shared that data, and his attempts to access company data on the computer after his Board membership ended.  Based on an inspection of the computer, Tri County's experts can then advise it of Defendants' and their attorney's access Tri County data, data downloads, and data transfers, as well attempts to alter data on the computer's hard drive.  This analysis is needed by Tri County in order for it to fully respond to Defendants' written discovery and prosecute this case.

Defendants' attorney recognized the need for the computer to be analyzed.  In his letter dated April 26, 2017, Mr. Hill stated that he was going to keep the computer in "safekeeping for

the purpose of ensuring that all relevant information on that computer relating to the case is produced in discovery." *See* Ex. A, Item 3.  Given the unilateral conduct by Mr. Hill, and his refusal to agree to any order of protection related to data on that computer, Tri County has no guarantee that Mr. Hill or his expert will not alter, delete, encrypt, or otherwise spoliate critical information on the computer's hard drive.

In fact, Tri County has no reason to trust that the analysis would be fair or complete, given Mr. Hill's unilateral and secretive actions.  He sent the computer to an unauthorized person in Texas, without consulting with Tri County or its counsel, contrary to his expressed representations.  *See* Ex. B, Affidavit of Moyers.

In all, the equities demand that Defendants and their attorney return the computer immediately to Tri County, pursuant to Wyoming law of replevin.  Defendants have no justifiable reason to continue to detain Tri County's property.  Tri County's Motion for Issuance of a Writ of Replevin or Order of Return should be granted accordingly.

DATED this 22nd day of November, 2017.

                                                                 MOYERS LAW P.C.

By: _____s/s_____
     Jon M. Moyers WY State Bar #6-3661
     MOYERS LAW P.C.
     490 North 31st Street, Suite 101
     Billings, Montana 59101
     Telephone:  (406) 655-4900
     Facsimile:  (406) 655-4905
     jon@jmoyerslaw.com

     Attorney for Plaintiff

## **CERTIFICATE OF SERVICE**

      I hereby certify that the foregoing was filed using the CM/ECF system which served the following individual:

Drake D. Hill
Hill Law Firm
2616 Carey Avenue
Cheyenne, WY  82001

Robert J. DiLorenzo
PO Box 27
Emblem, WY  82422

on November 22, 2017                            _____/s/_____
                                                                 Jon M. Moyers