Larry B. Jones, WY State Bar #5-1847
BURG SIMPSON ELDREDGE HERSH & JARDINE, P.C.
1135 14th Street
Cody, Wyoming  82414
307-527-7891
307-527-7897 fax
ljones@skelaw.com

Jon M. Moyers, WY State Bar #6-3661
MOYERS LAW P.C.
490 North 31st Street, Suite 101
Billings, Montana 59101
Telephone:  (406) 655-4900
Facsimile:  (406) 655-4905
jon@jmoyerslaw.com

Attorney for Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| TRI COUNTY TELEPHONE ASSOCIATION, INC., a Wyoming corporation, | ) ) ) | |
| Plaintiff, | ) ) ) | Cause No.  17-CV-89-F |
| vs. | ) ) ) | AFFIDAVIT OF CHRIS DAVIDSON |
| JOE CAMPBELL AND BARBARA CAMPBELL and JOHN AND JANE DOES 1-10, | ) ) ) | |
| Defendants. | ) | |

STATE OF WYOMING     )
                                          : ss.
County of _Big Horn_     )

Chris Davidson, being first duly sworn, deposes and states as follows:

Page 1

EXHIBIT A

1.      My name is Chris Davidson. I am over twenty-one years of age and competent to

testify. I have firsthand knowledge of the matters set forth herein. I am authorized to make this

Affidavit. I submit this Affidavit after having been sworn under the penalty of perjury.

2.      I am the CEO of Tri County Telephone Association, Inc., Plaintiff herein. I was

formerly the CEO of Tri County when it was a cooperative association.

3.      The property claimed by Plaintiff in this Motion for Writ of Replevin or Return of

Property is an HP laptop computer, model 6530b, product number CNU9031G1L, serial number

KR984UA#ABA. Defendant Joe Campbell purchased said laptop using the company credit card

on January 7, 2013 from the Dell Online Store for $1,237.95. Tri County then paid this credit

card charge in full on February 14, 2013. This laptop was provided to Mr. Campbell for his use

in his capacity as a member of the board of directors of Plaintiff's predecessor. Ownership of the

laptop was not given or transferred to Joe Campbell at that time or at any time thereafter, and Tri

County remains the rightful owner of the property.

4.      Plaintiff is the indisputable owner of the property and as such has the exclusive

right to possession of the property. Defendants have no legal title to the property or any equitable

ownership interest in the property.

5.      Mr. Campbell used that computer to gain access to company proprietary and

confidential trade secret information for his exclusive use as a Board member.

6.      Upon his departure from the Board of Directors of Plaintiff's predecessor,

Defendant Joe Campbell was required to return the property to the Plaintiff pursuant to an

unanimously adopted board resolution; Mr. Campbell voted in favor of that resolution. *See*

attached Item 1 (board minutes, December 16, 2014). Despite repeated demands for return of the

EXHIBIT A

computer and data, Mr. Campbell refused. *See* attached Item 2 (email string between myself and

Joe Campbell which occurred in early January, 2015).

      7.     Our company lawyer, David Clark, also demanded that Mr. Campbell return the

computer and data. *See* attached Item 3 (letter to Mr. Campbell, dated April 7, 2017).

      8.     Instead, Mr. Campbell delivered possession of the property to his attorney Drake

Hill at the Hill Law Firm, LLC, 2616 Carey Avenue in Cheyenne, Wyoming, telephone (307)

638-9334 where the property is now located. *See* attached Item 4 (letter from Mr. Hill, dated

April 26, 2017). Mr. Hill also has ignored repeated requests for return of the property and

continues to wrongfully detain the same.

      9.     The property has not been taken for a tax, assessment or fine pursuant to statute,

or seized under an execution or an attachment against the property.

      10.    The actual value of the property is less than $1,000.00, although the information

contained on its component parts is confidential, proprietary, and of significant value to the

Plaintiff.

      FURTHER AFFIANT SAYETH NAUGHT.

      Dated this 22nd day of November, 2017.

                                       Chris Davidson

      SUBSCRIBED and SWORN to before me this 22nd day of November, 2017.

                        Calyn Hunt

CALYN HUNT    NOTARY PUBLIC
COUNTY OF      STATE OF
BIG HORN      WYOMING
MY COMMISSION EXPIRES SEPTEMBER 5, 2020

Printed Name Calyn Hunt
Notary Public for the State of Wyoming
My Commission Expires September 5, 2020

**TRI COUNTY TELEPHONE ASSOCIATION, INC.**
Minutes of the Regular Meeting of the Board of Directors

December 16, 2014

| Board Members Present: | Others Present: |
|---|---|
| Daniel Greet | Chris Davidson |
| John Johnson | Steve Harper |
| Dalin Winters | Calyn Hunt |
| Joe Campbell | Don Jackson |
| Cliff Alexander | Mike Rosenthal |

The meeting was called to order at 10:00 a.m. in the TCT WEST, INC., office in Cody, Wyoming after the pledge of allegiance and invocation.

Cliff Alexander made a motion to accept the November 19, 2014 Tri County minutes as amended. Daniel Greet seconded the motion. Motion passed unanimously.

There are no financials to report on.

Steve reported that in our last meeting that he presented numbers for the Tri County profits upon approval of the sale. He would like to make an amendment to the numbers for the Verizon gain. The number that was approved was 15.1 million for the book gain and not the tax gain.

Chris Davidson presented the CEO report. The number he received from AKT needs to be 17.1 million to be paid out for the Verizon gain if the sale goes through. Steve would like an amendment. John Johnson made a motion to accept the change as presented. Daniel Greet seconded the motion. Motion passed unanimously.

Cliff Alexander made a motion to have the Saturday meeting that they attended in Basin as a Board day. John Johnson seconded the motion. Motion passed with Joe Campbell voting against and Daniel Greet abstaining.

The Board looked over the Oversight Committee list to narrow it down. Calyn Hunt will contact the people left on the list and the top ten that agree to be on the committee.

Chris discussed with the Board a bonus for Steve.

The Board went into executive session. Chris Davidson, Steve Harper, Don Jackson and Calyn Hunt left the meeting.

Chris Davidson, Steve Harper, Don Jackson and Calyn Hunt re-entered the meeting.

The Board has agreed on bonuses for Calyn, Steve, Don and Chris. This will be a bonus from the Board for all they have done for them. Calyn -$5,000.00, Steve and Chris $15,000, and Don will receive $10,000 and a trip from last year that he didn't take or 2 trips. His choice for what bonus he would like.

Mike Rosenthal entered the meeting.

The Board discussed the meeting agenda for Saturday. The meeting will officially start at 10:00 am. Each office in Cody and Basin front offices will be open from 8-10 a.m. for people to drop off ballots. Ballot count will be at 10:30 a.m. If the sale has gone through members can cast their vote for the Oversight Committee ballots. We also have door prizes to give away to fill some time while the ballots are counted.

Mike Rosenthal will have documents to sign after the meeting on the 20th if the sale goes through.
Mike Rosenthal addressed the Board regarding the recording device that Joe Campbell was discovered to be using to record the November Board meeting. Mike Rosenthal suggested that he, as counsel for the Board and

TCT, be allowed to listen to the recorder to determine if there had been any breach of Board policy, procedure or confidentiality agreements.

Cliff Alexander made a motion to turn the recorder over to Mike Rosenthal. Joe Campbell refused to give the recorder over. Joe will not allow the Board to have the recorder or listen to it.
Mike stated that if there is nothing to hide he should hand it over and allow the Board to confirm there was no breach of policy or confidentiality. Mike told Joe he would suggest handing it over and clearing his name, since his actions have created suspicion amongst the Board and management.

Dalin would like a motion for the Board to approve generally stating they condemn what Joe has done and have no ties to Joe and anything he does going forward that might jeopardize the the sale or subject the Board to litigation from BHT for violation of confidentiality and non-solicitation terms of the various agreements.

The Board discussed destroying the voice recorder and going on with business.
The Board asked if Daniel could keep it and give it back after the 1st of the year. Joe Campbell refused to give it to him.

The Board discussed that counsel had recommended an approach and Mr. Campbell refused. The Board members discussed what Joe Campbell had done and said in the last Board meeting and that the Board had requested Joe hand over the voice recorder and that Joe had refused to give it up or allow anyone to listen to its contents.

Cliff Alexander made the motion to accept the resolution to condemn Joe's actions. John Johnson seconded the motion. Motion passed.

The Board offered Joe the opportunity for the tape recorder to be placed in safe keeping with a neutral party and sealed, in case it became relevant in any future litigation and thus not subject to being destroyed. John Johnson made the motion. Cliff Alexander seconded the motion. Motion passed. Joe Campbell refused to give up possession of the recorder, saying he would only do so under a court's order.

Dalin then requested a Motion for a second resolution of the Board detailing the second offer for handling the recorder, the Board's desire to preserve the evidence and Joe's refusal to do so, which potentially places the Board in a difficult position regarding threatened litigation and that Joe be reprimanded for his actions.

Mike Rosenthal prepared a resolution for the resignation of the current Board of Directors if the sale is approved by the members and the closings occur on December 31 and January 2, as planned. Cliff Alexander made the motion to accept the resolution. John Johnson seconded the motion. Motion passed.

The Board discussed a resolution pertaining to the Board computers that the memory of each Board member's TCT computer needs to be backed up and saved on a company server for safekeeping in case of litigation involving the Board's activities- and the Board discussed making that back-up a condition before a Board member could retain their computer. The age and value of the computers was discussed and the price was set at $0. Once their memories are downloaded to the TCT server for safekeeping, the Board will then be given back the computers and voluntarily delete TCT files from them. All directors need to acknowledge that they are still under NDA. Cliff Alexander made the motion to accept the resolution. John Johnson seconded the motion. The Board can keep their computers as long as nothing is deleted before the stored data and files are preserved.

Cliff Alexander made a motion for the meeting on Saturday to be paid. John Johnson seconded the motion. Motion passed unanimously

Chris Davidson reported that he has brought a cease and desist letter against Bill Loveland. Chris stated that this has gone too far.

The Board meeting adjourned.

_____
Secretary

_____
Date Approved:

_____
President

**Subject:** RE: TCT laptop
**Date:** Thursday, January 8, 2015 at 1:12:55 PM Mountain Standard Time
**From:** Joe Campbell
**To:** Chris Davidson
**CC:** 'Michael Rosenthal', 'Dalin Winters'

Chris,

I will return or pay the fair market value for the Tri-county laptop that I have been using as a board member after all aspects of the sale transaction are completed, the independent audit is completed and I have received a copy of it, and I have received the other financial information I requested in my e-mail to the Tri-county Board on December 31, 2014. I want to ensure that all of my potential obligations as a Board member can be handled in a prudent manner.

Also please send me a copy of the November board minutes with copies of the resolutions passed.

Given the acrimony against me, I would expect that all threats of a lawsuit against me would be withdrawn at the time I return the laptop.

Joe

**From:** Chris Davidson [mailto:chris.davidson@tctstaff.com]
**Sent:** Monday, January 05, 2015 8:00 AM
**To:** Joe Campbell
**Cc:** Michael Rosenthal; Dalin Winters
**Subject:** TCT laptop

Joe,
The Board allowed the TCT laptops to be given to Board members only after the machine is given to our IT people to back up all data and remove the TCT data. All other Board members have brought their computers in. We need you to drop yours off at Cody or Basin and leave it for a few days for us to complete this work. If you do not the laptop remains TCT property. Please give the laptop to Felipe or Richard and they will notify you when the process is complete. Chris

**Chris Davidson**
CEO
TCT
1601 S Park Dr
Cody, WY 82414
Office 307-568-3357
Fax 307-568-2506

CONFIDENTIALITY NOTICE: This e-mail and any attachments are confidential and may be protected by legal privilege, a non-disclosure agreement, or otherwise exempt from disclosure. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of this e-mail or any attachment without express authorization of the sender is prohibited. If you have received this e-mail in error, please notify the sender immediately by replying via e-mail, and delete this copy from your system.

**Page 1 of 1**

Item 2

**Subject:** Re: TCT laptop
**Date:** Friday, January 9, 2015 at 8:18:46 AM Mountain Standard Time
**From:** Chris Davidson
**To:** Joe Campbell
**CC:** Mike Rosenthal

Joe,
I will try to get the last minutes to you later today. You already have all of the previous ones so I will not be sending duplicates. You also have all of the financial information that was authorized by the Board for Board members in you possession already so I will not be sending duplicates. Your blanket request for financial information has never previously been authorized by the Board when requested so I will not now send the information after the Board has resigned due to the transaction. I will address the audit when it is received several months for now.

The laptop is a separate issue and you are trying to add conditions that were not approved by the Board. It is TCT property until you comply with the Board's decision to allow the information on it to be backed up in some manner by the TCT IT department. Please promptly return it for backup. Chris

**From:** Joe Campbell <joe@tctwest.net>
**Date:** Thursday, January 8, 2015 at 1:12 PM
**To:** Chris Davidson <chris.davidson@tctstaff.com>
**Cc:** 'Michael Rosenthal' <MRosenthal@hkwyolaw.com>, Dalin Winters <dalinwinters@hotmail.com>
**Subject:** RE: TCT laptop

Chris,

I will return or pay the fair market value for the Tri-county laptop that I have been using as a board member after all aspects of the sale transaction are completed, the independent audit is completed and I have received a copy of it, and I have received the other financial information I requested in my e-mail to the Tri-county Board on December 31, 2014. I want to ensure that all of my potential obligations as a Board member can be handled in a prudent manner.

Also please send me a copy of the November board minutes with copies of the resolutions passed.

Given the acrimony against me, I would expect that all threats of a lawsuit against me would be withdrawn at the time I return the laptop.

Joe

**From:** Chris Davidson [mailto:chris.davidson@tctstaff.com]
**Sent:** Monday, January 05, 2015 8:00 AM
**To:** Joe Campbell
**Cc:** Michael Rosenthal; Dalin Winters
**Subject:** TCT laptop

Joe,
The Board allowed the TCT laptops to be given to Board members only after the machine is given to our IT people to back up all data and remove the TCT data. All other Board members have brought their computers in. We need you to drop yours off at Cody or Basin and leave it for a few days for us to complete this work. If you do not the laptop remains TCT property. Please give the laptop to Felipe or Richard and they will notify you when the process is

complete. Chris

**Chris Davidson**
CEO
TCT
1601 S Park Dr
Cody, WY 82414
Office 307-568-3357
Fax 307-568-2506

**CONFIDENTIALITY NOTICE:** This e-mail and any attachments are confidential and may be protected by legal privilege, a non-disclosure agreement, or otherwise exempt from disclosure. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of this e-mail or any attachment without express authorization of the sender is prohibited. If you have received this e-mail in error, please notify the sender immediately by replying via e-mail, and delete this copy from your system.

**To:** Joe Campbell <joe@tctwest.net>
**Subject:** Re: Financial Information

Joe,

I don't think I will have an answer by the 8th.  The requirement of the old board was to back up the data, not for you to remove it.  We will back up the data and give it the laptop back to you after a 7-10 days.  Chris

**From:** Joe Campbell <joe@tctwest.net>
**Date:** Wednesday, June 3, 2015 at 11:19 AM
**To:** Chris Davidson <chris.davidson@tctstaff.com>
**Subject:** RE: Financial Information

I  pushed send before I meant to. I will be in Cody  Monday the 8th and could pick up the information.  Yes I will return the laptop, with information removed.

Joe

**From:** Chris Davidson [mailto:chris.davidson@tctstaff.com]
**Sent:** Wednesday, June 03, 2015 10:49 AM
**To:** Joe Campbell
**Subject:** Re: Financial Information

Joe,

I will take this to the owners.  I don't know the legal on this.  Are you going to bring the laptop in to comply with the old Board's directive? You are the only one who didn't.  Chris

**From:** Joe Campbell <joe@tctwest.net>
**Date:** Wednesday, June 3, 2015 at 10:45 AM
**To:** Chris Davidson <chris.davidson@tctstaff.com>
**Subject:** Financial Information

Chris,

I again request a copy of the  independent audit of the sale transaction and a copy of the 2014 audited financial report. I want to ensure that all of my potential obligations as a Board member can be handled in a prudent manner.

---

**Chris Davidson**
CEO
TCT
1601 S Park Dr
Cody, WY 82414
Office 307-568-3357
Fax 307-568-2506

<~WRD000.jpg>

CONFIDENTIALITY NOTICE: This e-mail and any attachments are confidential and may be protected by legal privilege, a non-disclosure agreement, or otherwise exempt from disclosure. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of this e-mail or any attachment without express authorization of the sender is prohibited. If you have received this e-mail in error, please notify the

Item 2

sender immediately by replying via e-mail, and delete this copy from your system.

**Chris Davidson**
CEO
TCT
1601 S Park Dr
Cody, WY 82414
Office 307-568-3357
Fax 307-568-2506

<~WRD000.jpg>

CONFIDENTIALITY NOTICE: This e-mail and any attachments are confidential and may be protected by legal privilege, a non-disclosure agreement, or otherwise exempt from disclosure. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of this e-mail or any attachment without express authorization of the sender is prohibited. If you have received this e-mail in error, please notify the sender immediately by replying via e-mail, and delete this copy from your system.

<Michael D Greear.vcf>

<LT Joe Campbell re request for information 061615.docx>

# GREEAR CLARK KING, P.C.

### A Wyoming Law Firm

April 7, 2017

Robert J. DiLorenzo
P.O. Box 27
Emblem, WY 82422

Drake D. Hill
Hill Law Firm, LLC
2616 Carey Avenue
Cheyenne, WY 82001

RE:   *Campbell v. Davidson, et al*
      *Civil Action No. 28260*

Dear Messrs. Hill and DiLorenzo:

I've learned that the board members of TCT were each given a laptop computer for use in conducting TCT business. The computer provided to Mr. Campbell was a Hewlett Packard 6530b, Product Number – CNU9031G1L, Serial Number – KR984UA#ABA. These computers contained confidential and proprietary information owned by TCT, as well as materials protected by at a minimum, the attorney-client privilege. I've also learned that when TCT was purchased, those computers were to be turned back over to their owner, TCT. TCT requested that Mr. Campbell return the laptop on multiple occasions, but Mr. Campbell failed to ever return the computer as required. (See Attachments A, B and C).

By this letter I request the immediate return of TCT's computer to this office.

Further, please be advised that should Mr. Campbell have possession or control of this computer or any materials on or from it, he is in possession of property belonging to TCT. Such materials should be considered at this point to be confidential, proprietary and/or protected by privilege.

David M. Clark     ◊     P: 307-347-9801  ·  F: 307-333-0285  ·  E: dave@greearclarkking.com
1112 Robertson Avenue,  PO Box 552,  Worland, WY 82401

Item 3

Robert DiLorenzo
Drake Hill
April 7, 2017

TCT has not waived any rights regarding the privacy of any materials contained on the computer, or any attorney-client or other privilege that may apply to the materials found on it. No materials on the computer should be accessed until any issues regarding the computer or its contents are resolved. Such issues include but are not limited to the ownership of the computer, the ownership of the materials contained on it, the nature of the materials on it, and the applicability of any privileges to those materials. Further, should any materials from TCT's computer have been accessed without permission, we reserve the right to seek the "claw back" of materials accessed, removed or copied from this computer, including any materials relied upon in bringing this lawsuit and any materials that have been disseminated without the permission of the owner, TCT.

I realize there will likely be disagreement about some of the propositions set forth above. My intent in writing, however, is not to resolve any of these issues at this time. Rather, my intent is to recover the computer and stop any distribution of materials that may be found on it while any disputes about ownership or accessibility are resolved.

Sincerely,

David M. Clark

cc:    Client
       Jim Ragain
       Tim Stubson
       Rob Jarosh and Richard Mincer
       John Masterson

Item 3

# EXHIBIT A

**Subject:** Re: TCT laptop
**Date:**   Friday, January 9, 2015 at 8:18:46 AM Mountain Standard Time
**From:**   Chris Davidson
**To:**     Joe Campbell
**CC:**     Mike Rosenthal

Joe,
I will try to get the last minutes to you later today.  You already have all of the previous ones so I will not be sending duplicates.  You also have all of the financial information that was authorized by the Board for Board members in you possession already so I will not be sending duplicates.  Your blanket request for financial information has never previously been authorized by the Board when requested so I will not now send the information after the Board has resigned due to the transaction.  I will address the audit when it is received several months from now.

The laptop is a separate issue and you are trying to add conditions that were not approved by the Board.  It is TCT property until you comply with the Board's decision to allow the information on it to be backed up in some manner by the TCT IT department.  Please promptly return it for backup.  Chris

**From:** Joe Campbell <joe@tctwest.net>
**Date:** Thursday, January 8, 2015 at 1:12 PM
**To:** Chris Davidson <chris.davidson@tctstaff.com>
**Cc:** 'Michael Rosenthal' <MRosenthal@hkwyolaw.com>, Dalin Winters <dalinwinters@hotmail.com>
**Subject:** RE: TCT laptop

Chris,

I will return or pay the fair market value for the Tri-county laptop that I have been using as a board member after all aspects of the sale transaction are completed, the independent audit is completed and I have received a copy of it, and I have received the other financial information I requested in my e-mail to the Tri-county Board on December 31, 2014. I want to ensure that all of my potential obligations as a Board member can be handled in a prudent manner.

Also please send me a copy of the November board minutes with copies of the resolutions passed.

Given the acrimony against me, I would expect that all threats of a lawsuit against me would be withdrawn at the time I return the laptop.

Joe

**From:** Chris Davidson [mailto:chris.davidson@tctstaff.com]
**Sent:** Monday, January 05, 2015 8:00 AM
**To:** Joe Campbell
**Cc:** Michael Rosenthal; Dalin Winters
**Subject:** TCT laptop

Joe,
The Board allowed the TCT laptops to be given to Board members only after the machine is given to our IT people to back up all data and remove the TCT data.  All other Board members have brought their computers in.  We need you to drop yours off at Cody or Basin and leave it for a few days for us to complete this work.  If you do not the laptop remains TCT property.  Please give the laptop to Felipe or Richard and they will notify you when the process is

Page 1 of 2

Item 3

complete.  Chris

**Chris Davidson**
CEO
TCT
1601 S Park Dr
Cody, WY 82414
Office 307-568-3357
Fax 307-568-2506

CONFIDENTIALITY NOTICE: This e-mail and any attachments are confidential and may be protected by legal privilege, a non-disclosure agreement, or otherwise exempt from disclosure. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of this e-mail or any attachment without express authorization of the sender is prohibited. If you have received this e-mail in error, please notify the sender immediately by replying via e-mail, and delete this copy from your system.

Item 3

# EXHIBIT B

**From:** Chris Davidson <chris.davidson@tctstaff.com>
**Date:** April 5, 2017 at 10:03:53 PM MDT
**To:** "chris@tctwest.net" <chris@tctwest.net>
**Subject: FW: several items from TCT**

**From:** Chris Davidson
**Sent:** Monday, March 09, 2015 9:40 AM
**To:** Joe Campbell <joe@tctwest.net>
**Subject:** several items from TCT

Joe,

- The audit is getting close to being complete.
- All other former Board members have brought their computers in for backup.  I reaffirm that the laptop remains TCT property until that backup occurs.
- There is a Chris J Campbell who didn't cash his TCT check.  It isn't large but I didn't know if that is your son or not.

Chris

---

**Chris Davidson**
CEO
TCT
1601 S Park Dr
Cody, WY 82414
Office 307-568-3357
Fax 307-568-2506

# EXHIBIT C

**From:** Chris Davidson [mailto:chris.davidson@tctstaff.com]
**Sent:** Tuesday, June 16, 2015 11:42 AM
**To:** Mike-Office
**Cc:** Neil Schlenker
**Subject:** FW: Financial Information


**From:** Chris Davidson <chris.davidson@tctstaff.com>
**Date:** Thursday, June 4, 2015 at 8:10 AM

Page 1 of 3

Item 3

**To:** Joe Campbell <joe@tctwest.net>
**Subject:** Re: Financial Information

Joe,
I don't think I will have an answer by the 8th. The requirement of the old board was to back up the data, not for you to remove it. We will back up the data and give it the laptop back to you after a 7-10 days. Chris

**From:** Joe Campbell <joe@tctwest.net>
**Date:** Wednesday, June 3, 2015 at 11:19 AM
**To:** Chris Davidson <chris.davidson@tctstaff.com>
**Subject:** RE: Financial Information

I  pushed send before I meant to. I will be in Cody  Monday the 8th and could pick up the information.  Yes I will return the laptop, with information removed.

Joe

**From:** Chris Davidson [mailto:chris.davidson@tctstaff.com]
**Sent:** Wednesday, June 03, 2015 10:49 AM
**To:** Joe Campbell
**Subject:** Re: Financial Information

Joe,
I will take this to the owners.  I don't know the legal on this.  Are you going to bring the laptop in to comply with the old Board's directive? You are the only one who didn't.  Chris

**From:** Joe Campbell <joe@tctwest.net>
**Date:** Wednesday, June 3, 2015 at 10:45 AM
**To:** Chris Davidson <chris.davidson@tctstaff.com>
**Subject:** Financial Information

Chris,

I again request a copy of the  independent audit of the sale transaction and a copy of the 2014 audited financial report. I want to ensure that all of my potential obligations as a Board member can be handled in a prudent manner.

---

**Chris Davidson**
CEO
TCT
1601 S Park Dr
Cody, WY 82414
Office 307-568-3357
Fax 307-568-2506

<~WRD000.jpg>

CONFIDENTIALITY NOTICE: This e-mail and any attachments are confidential and may be protected by legal privilege, a non-disclosure agreement, or otherwise exempt from disclosure. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of this e-mail or any attachment without express authorization of the sender is prohibited. If you have received this e-mail in error, please notify the

sender immediately by replying via e-mail, and delete this copy from your system.

---

**Chris Davidson**
CEO
TCT
1601 S Park Dr
Cody, WY 82414
Office 307-568-3357
Fax 307-568-2506

<~WRD000.jpg>

**CONFIDENTIALITY NOTICE:** This e-mail and any attachments are confidential and may be protected by legal privilege, a non-disclosure agreement, or otherwise exempt from disclosure. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of this e-mail or any attachment without express authorization of the sender is prohibited. If you have received this e-mail in error, please notify the sender immediately by replying via e-mail, and delete this copy from your system.

<Michael D Greear.vcf>

<LT Joe Campbell re request for information 061615.docx>



DRAKE D. HILL                                          (307) 638-9334

April 26, 2017

***Via Electronic Transmittal***
Mr. David M. Clark
Greear Clark King, P.C.
1112 Robertson Avenue
P.O. Box 552
Worland, Wyoming 82401-0552

Re:  *Joe Campbell and Barbara Campbell on behalf of themselves and*
    *a class of persons similarly situated v. Davidson et al;* Case No.
    28260, Fifth Judicial District Court, Park County, Wyoming

Dear Mr. Clark:

We are in receipt of your letter dated April 7, 2017 and your clarification
letter.  The referenced computer was given to Mr. Campbell as a board member
of TCT.  In addition, or perhaps notwithstanding the fact that the clients you
represent could not be the ones with an interest at issue, the policy of the board
was not as you describe, but rather, was that there was no expectation for the
return of the computer.  The passage of time evidences this.

We are cautious on this topic because we worry that your effort to gain
access to the computer might be an effort to withhold information that may be
relevant in the above-referenced litigation.  Mr. Campbell will not participate in
any efforts to withhold information in the litigation.  Rather, my office has
taken possession of the computer and I will hold it in safekeeping for the

purpose of ensuring that all relevant information on that computer relating to the case is produced in discovery.[1]

Your blanket assertion of privilege or confidentiality is not useful. We worry that this is merely an attempt to withhold information that could be relevant in this litigation. Our approach is taken from a preservation of evidence standpoint.

We wish for you to understand our purpose is to safeguard potentially relevant information. We trust that this letter serves to clarify the Plaintiffs' position relating to the computer referenced in your April 7, 2017 letter.

Very truly yours,

DRAKE D. HILL

---

[1] The Plaintiffs have served a privilege list of documents withheld from production on the basis of privilege. References in this letter to relevant documents are exclusive of documents that the Plaintiffs have withheld from production on the basis of the attorney-client privilege or as attorney work product.