

FILED

3:20 pm, 1/11/18

Stephan Harris
Clerk of Court

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| TRI COUNTY TELEPHONE ASSOCIATION, a Wyoming corporation,<br><br>Plaintiff,<br><br>vs.<br><br>JOE CAMPBELL AND BARBARA CAMPBELL,<br><br>Defendants. | Case No: 17-CV-89-F |

## ORDER ON PLAINTIFF'S MOTION FOR ISSUANCE OF WRIT OF REPLEVIN AND MOTION TO SET BOND AMOUNT

This matter is before the Court on Plaintiff's Motion for Issuance of Writ of Replevin and Order of Return and corresponding Motion for Order Fixing Bond Amount. Defendant filed its opposition to Plaintiff's motions and included a Motion for Protective Order. The Court has reviewed the filings and is fully informed in the premises.

### Background

It appears that these motions all related to a laptop computer, which was provided to Joe Campbell ("Campbell") in his role as a member of Plaintiff's Board of Directors. The laptop was paid for by Plaintiff's funds. These seem to be the only points the parties agree on. Plaintiff claims the computer was to be returned for the company's data to be backed up on Plaintiff's servers. Campbell claims the board members were given their computers and Plaintiff retained no ownership of the computer. The parties seem to agree the computer itself has little to no value. However, the information stored on the

computer is the subject of much debate. Campbell asserts that the information on the computer is important to the class action pending in state court and that he has taken steps to safeguard the computer. Campbell claims that Plaintiff is seeking to destroy the information contained on the laptop. However, the communications in this case establish that Plaintiff seeks to back-up the data onto its servers, not to destroy the data.

Pursuant to Wyoming Law, in making a claim for replevin, a plaintiff shall file and affidavit with the Court stating:

(i) A description of the property claimed;

(ii) The plaintiff is the owner of the property or has a special ownership or interest in it, stating the facts in relation to it, and that he is entitled to the possession of it;

(iii) The property is wrongfully detained by the adverse party;

(iv) The alleged cause of the detention of the property according to the best knowledge, information and belief of the affiant;

(v) The property has not been taken for a tax, assessment or fine pursuant to a statute, or seized under an execution or an attachment against the property of the plaintiff, or if so seized, that it is by statute exempt from seizure; and

(vi) The actual value of the property.

Wyo. Stat. Ann. § 1-15-302.

When the issue of ownership and possession of computer issued to Board members was addressed by Plaintiff's Board on December 16, 2014, the Board determined that each computer needed to be "backed up and saved on a company server for safekeeping in case of litigation." (Doc. 24-1 at 5 [December 16, 2014 minutes]). The back-up was a condition of allowing the Board member to keep the computer. (*Id.*).

Once the memories were downloaded to the Plaintiff's server for safekeeping, the Board member would then be given back the computers to voluntarily delete Plaintiff's files from them. (*Id.*).

Campbell has consistently refused to return his company issued laptop to Plaintiff, alleging that he is safekeeping the information. However, as of this time, he has not allowed Plaintiff access to the computer or the information for purposes of copying that information onto the server. The Court finds that Plaintiff has established it is the rightful owner of the computer, since Campbell failed to meet the condition precedent of keeping the computer, which was to allow Plaintiff to back-up the computer to its servers.

The Court will not allow Campbell to pay for the laptop in lieu of returning it to Plaintiff, because that does not address the issue of the information stored on the laptop, which belongs to Plaintiff. While this matter has been brought under an action for replevin, the Court also views this matter as addressing discovery in this case. The Court agrees that Campbell does not get to dictate the terms of the return of the laptop. Rather, by requiring the Court to become involved in this matter, the Court will determine the fate of the laptop. While the laptop may be in Texas, away from Plaintiff's reach, the Court has jurisdiction over Campbell and expects him to comply with the Court's order.

The Court will order Campbell to return the computer to Plaintiff as soon as possible, but no later than January 19, 2018.[1] While the Court appreciates that the computer may contain attorney-client information, or other information these issues can

---

[1] The computer has been with Mr. Campbell's computer expert since at least December 5, 2017. The expert has had ample opportunity to perform his analysis.

be resolved by further protective order. Once Plaintiff has had the ability to back-up the information on the computer, the Court can hear further arguments of whether the computer should be returned to Campbell if he is willing to voluntarily delete Plaintiff's files from the laptop.

While the Court recognizes that the issues in this case are only a small part of a much larger dispute between these parties, this issue is not difficult to resolve. The data on the laptop shall be preserved and available for both parties. Campbell, by way of possession, has already had a chance to have the computer analyzed by a qualified expert of his choice. The computer shall now be turned over to Plaintiff, so that the laptop can be backed up to Plaintiff's servers. Then once that is complete, the Court will consider additional arguments about whether Plaintiff should return the laptop if Campbell voluntarily agrees to delete Plaintiff's files. At that time, Plaintiff will have a backup of all the information on the laptop, which should be available to Defendants through the discovery process if necessary. Plaintiff may hold the laptop pending further order of the Court or agreement by the parties as to its disposition. The Court warns all parties that any purposeful alteration or deletion of data on the computer without prior Court approval will be met with serious sanctions from the Court.

IT IS ORDERED that Plaintiff's Motion for Issuance of Writ of Replevin and Order for Return (Doc. 23) is GRANTED. Defendant shall return the Plaintiff's laptop as soon as possible, but no later than January 19, 2018.

IT IS FURTHER ORDERED that Plaintiff's Motion for Order Fixing Bond Amount (Doc. 25) is GRANTED. Plaintiff will pay into the Court's civil registry the

amount of $500.00 on or before January 19, 2018. The Clerk of Court is authorized and directed to accept these funds.

IT IS FURTHER ORDERED that Plaintiff may backup the computer's data onto its server. Once Plaintiff has backed up the data on the computer, Plaintiff may continue to hold the laptop until further order of the Court or agreement by the parties.

IT IS FURTHER ORDERED that the parties and any expert or other service provider shall keep any data contained on the computer confidential until a formal protective order is entered. The parties may move for an appropriate protective order based on the Court's ruling in this matter.

IT IS FINALLY ORDERED that neither party shall take any action to delete or otherwise alter the data stored on the computer. Any purposeful deletion or other alteration of data from the laptop will be subject to sanctions by the Court.

Dated this \_\_11\_\_ day of January, 2018.

_____
NANCY D. FREUDENTHAL
CHIEF UNITED STATES DISTRICT JUDGE