FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2018 JAN 25  PM 2: 43

STEPHAN HARRIS, CLERK
CHEYENNE

Drake D. Hill (Wyo. Bar #6-3106)
Hill Law Firm, LLC
2616 Carey Avenue
Cheyenne, Wyoming 82001
(307) 638-9334 (office)
ddhill@hilllawfirm.net
(307) 638-9334 (telecopy)
*Counsel for Defendants*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

TRI COUNTY TELEPHONE ASSOCIATION,
INC. a Wyoming corporation,

          Plaintiff,

vs.

JOE CAMPBELL and BARBARA CAMPBELL,
Individuals, and JOHN AND JANE DOES 1-10,

          Defendants.

Docket No 17-CV-89-F

## MOTION TO STAY ACTION

COMES NOW Defendants Joe Campbell and Barbara Campbell and state as follows in support of their motion to stay the pending action. **After conferring with counsel for Plaintiff, Plaintiff has stated its opposition to this Motion.**

### I. NATURE OF MOTION AND BACKGROUND FACTS

As the Court knows, a class action was filed by Joe and Barbara Campbell 17 months before this suit was filed. That suit is presently set to determine whether the takeover of the cooperative utility was illegal and whether the Plaintiff in this case is lawfully in possession of the assets of the cooperative utility. Oral argument is set in Cody, Wyoming on January

1

29, 2018 for Mr. and Mrs. Campbell's motion for partial summary judgment. The motion for partial summary judgment is attached here as **Exhibit "A,"** the response as **Exhibit "B,"** and the reply brief as **Exhibit "C."** Mr. and Mrs. Campbell's motion to freeze the assets the Plaintiff claims is attached **as Exhibit "D,"** and is likewise set for hearing on January 29, 2018.

If the Plaintiff to this suit is not a lawful corporation or is unlawfully in possession of the assets of the cooperative utility, then it obviously cannot maintain the instant action. As the Court will see, the law on the point is clear that where the very existence of the purported for-profit corporation is prohibited by the letter or policy of the law, no corporation can be recognized as existing, and has no authority to be maintaining suit. As such, given the predominance of the issues pending in the state court, this motion presents the appropriate case for the entry of a stay in accordance with the Tenth Circuit's ruling in *Fox v. Maulding,* 16 F.3d 1079 (10th Cir. 1994).

## II. ABSTENTION DOCTRINE AND ANALYSIS

Abstention doctrine allows a federal court to refrain from exercising jurisdiction in the case of concurrent matters. For ease of reference, in *Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800 (1976), the Supreme Court enumerated the situations in which abstention is appropriate. As applied here, abstention is appropriate where the state litigation will address difficult questions of state law bearing upon policy issues of substantial public import whose importance transcends the result in the case at bar. *Id.* (*citing Louisiana Power & Light Co. v. City of Thibodaux,* 360 U.S. 25 (1959). The state

2

question need not be determinative of state policy and it is enough that exercise of federal review of the question in the case and in similar cases would be disruptive of state efforts to establish coherent policy with respect to a matter of substantial public concern. *Id.* (*citing Burford v. Sun Oil Co.,* 319 U.S. 315 (1943). In cases falling into neither of these categories, *Colorado River* held that a federal court that would otherwise have concurrent jurisdiction with a state court may dismiss or stay a federal action in deference to pending parallel state court proceedings. *Fox v. Maulding,* 16 F.3d 1079, 1080 (10th Cir. 1994)(*citing Colorado River Conservation Dist. v. United States,* 424 U.S. 800 (1976)). For reasons of "wise judicial administration, giving regard to the conservation of judicial resources and comprehensive disposition of litigation," the federal court may exercise its discretion to stay or dismiss the federal suit. *Id.* at 1081 (quoting *Colorado River,* 424 U.S. at 817-18). This basis for refraining from the exercise of federal jurisdiction has come to be known as *Colorado River* abstention.

In *Colorado River,* the Supreme Court listed several factors to be considered in abstention analysis. Initially, the Court held, one must recognize that the court first assuming jurisdiction over property may exercise that jurisdiction to the exclusion of other courts. *Colorado River, supra,* at 818 (historical citations found in opinion). This is true even where the United States was a claimant in existing state proceedings and then sought to invoke federal jurisdiction under 28 U.S.C. § 1345. The decision whether to defer to the state court is necessarily left to the discretion of the district court in the first instance. *Fox, supra,* at 1081. The federal court may also consider (1) the inconvenience of the federal

3

forum; (2) the desirability of avoiding piecemeal litigation; and (3) the order in which jurisdiction was obtained by the concurrent forums. *Colorado River, supra,* at 818. No one factor is determinative. *Id.* Before examining these factors, however, a federal court must determine whether the state and federal proceedings are parallel. *Fox, supra,* at 1081.

**(A)     *Paramount Interests of State Law—Thibodaux and Burford Abstention***

One form of abstention, called "*Thibodaux* abstention" is found when state litigation will address important questions of state law bearing upon policy issues of substantial public import whose importance transcends the results in the case at bar. *Louisiana Power & Light Co. v. City of Thibodaux,* 360 U.S. 24 (1959). The class action pending in state court will address whether a cooperative utility may be taken over and converted into a for-profit entity. This question affects every cooperative utility in Wyoming. The Wyoming statutes expressly bar the conversion of a cooperative utility into a for-profit entity, bar the extinguishment of membership interests if not allowed by the bylaws, and place strict protections on voting. These questions transcend the claims that the Plaintiff to this action could have brought in the state court, and subsume the Plaintiff's complaint that Mr. Campbell has used information he was given as a board member to bring an action on behalf of the 825 members of the cooperative utility. What information is proper in that regard has already been addressed by Judge Young in the class action in which he has ruled that the owners of the cooperative utility have the right to see the information that relates to the action. *See* pg. 2, State Court Order, **Exhibit "E."**

4

In this vein, it is enough that the exercise of federal review in a case would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern. *Burford v. Sun Oil Co.,* 319 U.S. 315 (1943). This is called *"Burford* abstention." There literally has *never* been a takeover of a cooperative utility in Wyoming history prior to the transaction at issue in the state court action. What is permissible, and what is not permissible under state statutes must be left to the state courts. As a matter of federalism, the state courts are entitled to establish and enforce a coherent policy with respect to a matter of substantial public concern—here, a matter that implicates every cooperative in Wyoming.

### (B) *Parallel Actions—Colorado River Abstention*

Even if abstention were not recommended under the *Thibodaux or Burford* abstention doctrines, *Colorado River* abstention would counsel in favor of deferring to the state action where "wise judicial administration" recommends that the federal court respect the jurisdiction of the state court, *Colorado River* abstention begins with a review of whether the suits are parallel.

**(1) Parallel Actions:** Suits are parallel if substantially the same parties litigate substantially the same issues in different forums." *Fox, supra,* at 1081. The standard is one of "substantial similarity," not identicalness. *Calleros v. FSI Int'l, Inc.,* 892 F.Supp.2d 1163, 1168 (D. Minn. 2012). The plaintiff in the federal case may not avoid *Colorado River* by simply including additional defendants or claims in the federal suit. *Waddell & Reed Fin., Inc. v. Torchmark Corp.,* 180 F.Supp.2d 1235, 1240 (D.Kan. 2001); *see also Clark v. Lacy,*

5

376 F.3d 682, 686-87 (7th Cir. 2004)("Just as the parallel nature of the actions cannot be destroyed by simply tacking on a few more defendants, neither can it be dispelled by repackaging the same issue under different causes of action.").

Here, several key aspects of the inquiry are easily answered. First, the parties to the federal action are also parties to the state action.

Second, the factual basis and issues are overwhelmingly the same. In both the state and the federal action, the dispute arises out of the takeover of the cooperative utility by the Plaintiff to this action. Indeed, the claims of the Plaintiff in this case are derivative of the facts at issue in the state court.

The issues in the state action are, in fact, paramount to the ability of this Court to even entertain this action. Mr. and Mrs. Campbell's motion for summary judgment in the state action will be heard on January 29, 2018. That motion will determine whether the transaction (takeover) complied with Wyoming law, or whether it was illegal. The transaction is statutorily barred; it illegally extinguished membership interests; and it violated statutory voting protections. As a matter of black letter law, where the existence of a corporation is prohibited by the letter or policy of the law, no such corporation can be recognized as existing. William Fletcher, CYCLOPEDIA OF THE LAW OF CORPORATIONS, § 3777, pp. 55-56 (2010 Rev.)(corporation must be capable of lawfully existence). *See also Oregon Ry. & Nav. Co. v. Oregonian Ry. Co.,* 130 U.S. 1, 25 (1889)(acts of corporation not allowed by statute is "void for want of authority."); *Cf Jones v. Aspen Hardware Co.* 40 P. 457 (1895)(there must be a charter or law authorizing the creation of the corporation, quoting

6

Section 758, Morawetz on Private Corporations: "If the formation of a corporate association is not only prohibited by this general rule of common law, but is also in violation of some principle of morality or public policy, or a positive statutory prohibition, the parties forming such association will not be legally bound by their agreement of membership, and the courts will not recognize the association, either as among its members or against third parties."). As such, a corporation not having a legal existence has no authority, standing, or capacity to sue.

The Defendants to the state action sought to convert a cooperative utility into a for-profit entity, which Wyoming law explicitly forbids. They did so by extinguishing the membership interests in the cooperative utility, which is also forbidden unless authorized by the cooperative utility's bylaws (which nowhere allowed such extinguishment of member interests). The vote was carried out by a door-to-door campaign of soliciting votes in which the solicitors were paid $100 for each affirmative vote. There is no sanction under Wyoming statutes or the bylaws for the door-to-door campaign, and was done in disregard of the statutory requirement that the vote be conducted at a meeting of the members 90 days after announcing the proposal, which never happened.

Because the transaction was illegal, the Plaintiff to this suit has no authority to be acting as Tri-County Telephone Association, Inc. which was organized in 1952 as a non-profit cooperative utility, and the purported Plaintiff is unlawfully in possession of the assets of the cooperative utility. The purported Plaintiff to this case literally has no authority to be litigating in this Court. The purported Plaintiff to this case has no more authority to sue

7

under the name of Tri-County Telephone Association, Inc. than it would to sue using the name of IBM, Microsoft, or Apple Computer.

Even the computer at issue in the federal case is subject to the same deficiencies. If the Plaintiffs to this case are illegally in possession of the assets of the cooperative utility, then they likewise can hold no claim that they own the computer. The Plaintiffs to this case claim that the class action has interfered with their ability to do business, which is not true, but if they are wrongfully in possession of the assets of the cooperative utility, then have no possible standing to maintain such a claim.

(2) *Colorado River* **Factors:** After discussing the identity of claims between the state and federal actions, the Supreme Court in *Colorado River* outlined several nonexclusive factors to consider in abstention analysis. First, the court should consider whether the state court has assumed jurisdiction over the property. *Colorado River, supra,* at 818. Here, the state court has assumed jurisdiction over all of the property. A hearing to determine whether the assets of the Cooperative are being unlawfully held is scheduled for January 29, 2018. The Plaintiff to this action literally would have no basis in suit if the transaction is illegal.

Second, the court must determine whether the federal forum is inconvenient. *Id.* The instant action was initiated 18 months after the state action was filed. It arises out of the same transaction and occurrences at issue in the state action. This action could not be a more obvious case of forum shopping. Where the claims could have been brought in state court, this matter imposes needless burden and expense, which necessarily makes it inconvenient. As a matter of proximity of witnesses and evidence, the state action has been filed at the

center of the controversy (Cody), where all parties reside and where the evidence is located. The federal case, in contrast, is located at the opposite end of Wyoming where no witnesses reside, where no owners are to be found, and where no evidence is to be found.

Third, as to the desirability of avoiding piecemeal litigation, 25 months after the class action was filed, the state court is set to determine whether the transaction was illegal. Whether the purported Plaintiff in this case has been harmed by the class action, as the Plaintiff claims, and whether information can be used in the class action are matters within the jurisdiction of the state court.

Fourth, the court must examine the order in which the courts obtained jurisdiction and the progress of the two cases. *Colorado River, supra,* at 818.  The state action was filed on December 28, 2015.  This action was not filed until May 26, 2017, some 17 months after the state action was filed.  This case has barely entered discovery; the state action is poised to decide a threshold issue on summary judgment.  The state court acquired jurisdiction long before federal jurisdiction was ever sought to be invoked.

*(C) The Tenth Circuit's Preferred Approach*

While abstention doctrine can result in the dismissal of the federal action, and the Supreme Court has directed that result, the Tenth Circuit has stated that the better practice is to stay the federal action pending the outcome of state proceedings. *Fox v. Maulding,* 16 F.3d 1079 (10th Cir. 1994).  The action directed by *Fox* appears to be the more accepted approach in the case of parallel or predicate state proceedings, as is the case here.  As such, at the very least, Mr. and Mrs. Campbell ask that this action be stayed pending the final

9

adjudication of state proceedings determining whether the Plaintiff to this action is lawfully in possession of the assets of the cooperative utility and whether it is holds the legal authority to be conducting business.

DATED this 25th day of January, 2018.

Respectfully submitted,

BY: _____

Drake D. Hill (WSB 6-3106)
Hill Law Firm, LLC
2616 Carey Avenue
Cheyenne, Wyoming 82001
(307) 638-9334
ddhill@hilllawfirm.net
            -and-
Robert J. DiLorenzo
DiLorenzo Law Firm
P.O. Box 27
Emblem, Wyoming 82422

## CERTIFICATE OF SERVICE

This certifies that on January 25, 2018, the foregoing Motion to Stay Action was served on counsel for the Plaintiff by U.S. Mail, postage fully prepaid, addressed as follows:

Jon Moyers
Moyers Law PC
490 North 31st Street #101
Billings, MT 59101

Russell Yerger
Yerger Law Firm P.C.
2722 3rd Avenue North, Suite 400
Billings, MT 59101

10