Jon M. Moyers, WY State Bar #6-3661
MOYERS LAW P.C.
490 North 31st Street, Suite 101
Billings, Montana 59101
 (406) 655-4900
 (406) 655-4905 fax
jon@jmoyerslaw.com

Russell D. Yerger, WY State Bar #5-2455
YERGER LAW FIRM P.C.
2722 3rd Avenue North, Suite 400
Billings, Montana 59101
406-256-1500
406-256-1511 fax
ryerger@180com.net

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| TRI COUNTY TELEPHONE ASSOCIATION, INC., a Wyoming corporation, | ) ) ) | |
| | ) | Cause No.  17-CV-89-F |
| Plaintiff, | ) | |
| | ) | PLAINTIFF'S BRIEF IN SUPPORT |
| vs. | ) | OF ITS MOTION FOR LEAVE TO |
| | ) | AMEND COMPLAINT |
| JOE CAMPBELL AND BARBARA CAMPBELL and JOHN AND JANE DOES 1-10, | ) ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff Tri County Telephone Association files this brief in support of its

contemporaneously filed Motion for Leave to Amend Complaint.

**A.      Background Facts Supporting Leave to Amend**

On May 26, 2017, Plaintiff Tri County sued Defendants Joe and Barbara Campbell.  In

Count I, Plaintiff alleged that Defendants had misappropriated trade secrets in violation of 18

U.S.C. 1836 of the Defend Trade Secrets Act; in Count II, that Defendants intentionally or

tortiously interfered with Plaintiff's contract and business expectancy with Union Bank; in Count

Page 1

III, that Defendants intentionally or tortiously interfered with Plaintiff's prospective economic advantage and business expectancy concerning the lost Cody Data Center; in Count IV, that Defendants intentionally or tortiously interfered with Tri County's customer; in Count V, that Defendant violated 18 U.S.C. 1030(a)(2)(C) of the Computer Fraud and Abuse Act; in Count VI, that Defendants violated 18 US.C. 1030(a)(4) of the Act; in Count VII, that Defendant Campbell violated the non-disclosure agreements, corporate policies and resolutions; and, in Count VIII, that Defendant converted the laptop computers.  In Count IX, Plaintiff seeks injunctive relief as to the misappropriation of its trade secrets.

In its July 19, 2017 Order partially granting Defendants' Motion to Dismiss, this Court concluded that Plaintiff had not specified sufficiently what type of trade secret information Defendant Campbell had access to.  (Doc. 14) This Court found, "there seems to be no dispute that Plaintiff is the owner of certain trade secrets," but that Tri County's description of "trade secrets" was inadequate.  Doc. 14, at 12.  The Court dismissed Count I "WITHOUT PREJUDICE" under Rule 12 and granted Tri County to amend as a matter of right by August 8, 2017.

Plaintiff now seeks leave of this Court to amend the Complaint in two main respects: first, to replead Count I and, second, to include the other computers used by Defendant.  In the attached Amended Complaint, Tri County has provided the specificity to the claim that this Court found was inadequate.  Specifically, Tri County has pleaded that Defendant Campbell was provided the following information related to Tri County and its business partners, by emails, handouts, and both remote and computer access:

Internal TCT Confidential Information.  Defendant Campbell, and the other directors, received monthly board packets of information that included minutes, agenda, financial

information, business partner information, employee information, and other business

information.  Directors also received by emails and handouts confidential information that would

not be otherwise available to members.  And, as noted, Directors had access to the company's

confidential information through both remote and direct computer access.  Through each of these

avenues, Defendant Campbell has access to operations, marketing and products information;

employee compensation and evaluations; pricing and sales policies, techniques, concepts and

strategies; wholesale and retail customer information and lists; prospective clients being solicited

by the company; vendors' and suppliers' performance; its financial affairs; proprietary business

opportunities or ventures; legal advice to the company; engineering, design and architectural

information; competitive standing in various markets; research and development efforts; and,

other third party proprietary information.  All of this information was to kept confidential by the

board members.

   Verizon Wireless Confidential Information.  Tri County also provided Defendant

Campbell with confidential information related to the Wyoming RSA 1-Park Limited Partnership

between the co-operative and Verizon Wireless.   By contract, Verizon required the board

members to keep that information confidential.  And, each of the Verizon documents stated:

> Confidential and proprietary materials for authorized Verizon personnel and
> outside agencies only.  Use, disclosure or distribution of this material is no
> permitted to any unauthorized persons or third parties except by written consent.

These sensitive data included historical and projected performance of operations, including

customer acquisition and retention initiatives; customer loss statistics; revenue enhancement and

cost control initiatives; network performance statistics; market growth projections, marketing

strategies, and network capacity needs; capital projections for anticipated system upgrades;

quarterly financial information, including retail and wholesale subscriber data and churn rates,

revenue from operations, costs of operation, operating expenses, income from operations, and distribution to partners;  budget documents containing projections involving sensitive retail and wholesale customer counts and churn rates, margins on equipment sales, advertising and marketing plans, general administrative expenses, roaming costs and revenues; and pricing and commission information regarding portable electronic devices and voice and data plans offered for sale to consumers.

<u>Merger Information</u>.  TCT also provided Defendant Campbell information related to the merger discussions with Big Horn Telecom, LLC, BNHT Investments, LLC, BHT Merger Corporation, and BHT Holdings, Inc., including financial information from its bank, Union Bank.  Defendant Campbell signed a non-disclosure agreement specific to that information given the unique sensitivity of that information, and this information was not to be disseminated outside of the Board without Board approval.

Plaintiff submits that this company information, as re-pleaded in the Amended Complaint, satisfies the definition of a "trade secret" under § 1836 of the Act.  As the Court noted from the Act, a "trade secret" includes:

> All forms and types of financial, business, scientific, technical, economic, or engineering information, including patterns, plans, compilations, program devices, formulas, designs, prototypes, methods, techniques, processes, procedures, programs, or codes, whether tangible or intangible, and whether or how stored, compiled, or memorialized physically, electronically, graphically, photographically, or in writing . . . .

18 U.S.C. § 1839(3).  In the Amended Complaint, Plaintiff also has sufficiently pleaded "misappropriation" of its trade secrets which is defined as follows:

> (A)     Acquisition of a trade secret of another by a person who knows or has reason to know that the trade secret was acquired by improper means; or
> (B)     Disclosure or use of a trade secret of another without express or implied consent by a person who –
> > (i)     Used improper means to acquire knowledge of the trade secret;

      (ii)     At the time of disclosure or use, knew or had reason to know that the knowledge of the trade secret was --

            (I)     Derived from or through a person who had used improper means to acquire the trade secret;

            (II)    Acquire under circumstances giving rise to a duty to maintain the secrecy of the trade secret or limit the use of the trade secret; or

            (III)   Derived from or through a person who owed a duty to the person seeking relief to maintain the secrecy of the trade secret or limit the use of the trade secret; or

      (iii)    Before a material change of the position of the person, knew or had reason to know that –

            (I)     The trade secret was a trade secret; and

            (II)    Knowledge of the trade secret had been acquired by accident or mistake.

18 U.S.C. § 1839(5).  Plaintiff submits that these facts support inclusion in an amended complaint.

Second, by this motion, Tri County seeks to amend the initial Complaint to include the fact that Defendant Campbell used at least three computers to access its confidential business information, instead of just the one HP laptop specifically referenced in the Complaint.  Based on its review of company records and the recent deposition testimony of Defendant Campbell, Tri County knows that he accessed Tri County's confidential data through its VPN using three computers:

| Type Computer | Identity of Computer | Dates of Usage |
|---|---|---|
| Dell Laptop | BOARD-04 | 5/26/10 – 1/25/14 |
| HP Laptop | JOECAMPBELL-PC | 1/23/13 – 3/26/14 |
| Personal computer (Dell) | LAPTOP | 4/26/14 – 5/27/15 |

Of these computers both the HP and the Dell laptops were provided by Tri County to Defendant Campbell, as he admitted in the state court lawsuit:

Q:  And TCT provide you a laptop because you were a board member, and you could use

Page 5

> it for TCT business and also for personal business; is that fair?
> A:  True.
>
> ***
>
> Q:  So you had a Dell laptop and then TCT came in with the HP?
> A:  Yes.
> Q:  And then was there one more that TCT provided?
> A:  Yes.
> Q:  And the third one, do you know what kind that is?
> A:  It also is a Dell.
>
> Q:  You bought [the Dell laptop] but TCT reimbursed you?
> A:  Yes.

*See* Ex. 1, Campbell Depo., pp. 687, 689.  Defendant Campbell accessed "the Board's website"

from these computers using a password and user name.  *Id*., p. 692.  The HP laptop was subject

to the replevin; the other two computers remain in Defendant Campbell's possession.  Although

Tri County asked for the return of the two company-issued laptops, Defendant Campbell has

refused:

> Q:  Do you recall [CEO] Davidson sent you emails asking you to return the TCT laptops?
> A:  Yes.
> Q:  And did you do so?
> A:  No.

*Id*., p. 696.  Defendant Campbell then retained company information on these computers,

including those documents produced in the state court lawsuit.  Plaintiff submits that these facts

support their inclusion in an amended complaint.

**B.**     **Legal Standard for Amendments to Pleadings**

Federal Rule of Civil Procedure 15(a)(2) instructs district courts that leave to amend a

pleading "shall be freely given when justice so requires."  Fed.R.Civ.P. 15 (a)(2).  This mandate

is to be heeded.  *See* generally, 3 Moore, Federal Practice (2d ed. 1948), 15.08, 15.10.  The

purpose of the Rule is to provide litigants "the maximum opportunity for each claim to be

decided on its merits rather than on procedural niceties."  *Minter v. Prime Equip. Co.*, 451 F.3d

Page 6

1196, 1204 (10th Cir.2006) (quoting *Hardin v. Manitowoc–Forsythe Corp.,* 691 F.2d 449, 456

(10th Cir.1982).  Thus,

> [i]n the absence of any apparent or declared reason—such as undue delay, bad
> faith or dilatory motive on the part of the movant, repeated failure to cure
> deficiencies by amendments previously allowed, undue prejudice to the opposing
> party by virtue of allowance of the amendment, futility of amendment, etc.—the
> leave sought should, as the rules require, be "freely given."

*Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)).  Amendments are well

justified based on the emergence of facts in discovery, particularly where the information

concerns intricate matters best known to the defendant.  *Lindsay v. Parnell Corp. Serv*., 2017

WL 5572614, \*2, n.1 (D. Kan. Nov. 20, 2017).  The fact that an amendment may extend

deadlines or require additional discovery is "not sufficient grounds to deny plaintiff its proposed

amendment."  *Wenger Mfg. v. Extru-Tech. Inc*., 189 WL 48828, \*2 (D. Kan. April 10, 1989).

Based on this law, Plaintiff's motion should be granted.

###    C.    Tri County Should Be Granted Leave to Amend

From the outset of the discovery plan, it has been apparent that information related to

Defendant's Campbell's use of company protected information was known to him and difficult

for Tri County to determine without an inspection of the computers he used.  In the Joint Case

Management Plan, Tri County noted its desire to inspect the HP laptop.  Since then, Tri County

has attempted to inspect the HP laptop, but Defendant Campbell refused.  With the discovery of

Defendant Campbell's use of two other computers, Tri County has attempted to access those

computers as well, which Tri County knows are both Dell laptops, but Defendant has refused. By

these proposed amendments, Tri County is seeking  relief for all of the alleged improper use by

Defendant Campbell of the computers and company data; his conduct was not limited to the one

HP laptop.

Page 7

Complicating the matter, Tri County has not yet accessed the HP laptop that was the subject of the replevin, pending this Court's issuance of a protective order.  Although this Court granted Tri County possession of the HP computer, Tri Count has been unable to analyze the computer until it has guidance from this Court.  Tri County believes it has a lawful right to all data on the computer because it was a company issued computer, but Tri County is concerned about making that decision unilaterally given Defendant Campbell's assertions of privilege. Without that information, amendments to the complaint have been delayed.

Also, Tri County has not accessed the two Dell laptops because Defendant Campbell refused to produce them pursuant to Tri County's Rule 34 Notice of Inspection.  Defendant Campbell also has refused to produce in discovery in this case the company documents he accessed and retained on those computers.  Again, without either Defendant Campbell's complete discovery responses and analysis of the computers he used, amendments are problematic.

These proposed amendments to the Complaint would not create a hardship.  This case is at its discovery infancy given the issues with the computers.  This Court has not yet ruled on a protective order, no depositions have been conducted, no inspections of the computer has occurred by Tri County, written discovery responses are incomplete, and expert disclosures cannot be made.  In the initial complaint, Tri County alleged that Defendant Campbell has used only the HP laptop.  With the revelation by Defendant Campbell that he used two other two computers, Tri County should be permitted leave to amend its complaint to include these Dell computers.

Defendant Campbell has been aware of the necessity of an amendment, based on his pleadings.  Tri County submits that this amendment is not in bad faith, for any improper or

dilatory reason, or untimely; rather, Plaintiff submits that inclusion of these allegations provide Defendants and this Court the full picture of the alleged harm that has caused it injury.  Because virtually no discovery has occurred in this case, inclusion of claims related to the other computers would not create any unreasonable or prejudicial delay.

Additionally, Tri County seeks leave to re-plead Count I of the Complaint that was dismissed by the Court.  Based on the assembled facts, plaintiff should be allowed the amendment.  Defendants were aware of the claim from the initial pleading, and Defendants are not prejudiced by this amendment.

 For these reasons, Plaintiff seek leave of this Court to amend the complaint, pursuant to Rule 15 and federal case law.

DATED this 2nd day of March, 2018.

MOYERS LAW P.C.

By: _____s/s_____
Jon M. Moyers
WY State Bar #6-3661
MOYERS LAW P.C.
490 North 31st Street, Suite 101
Billings, Montana 59101
Telephone:  (406) 655-4900
Facsimile:  (406) 655-4905
jon@jmoyerslaw.com

Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was filed using the CM/ECF system which served the following individual:

Drake D. Hill

Page 9

Hill Law Firm
2616 Carey Avenue
Cheyenne, WY  82001

Robert J. DiLorenzo
PO Box 27
Emblem, WY  82422

on March 2, 2018                              _____/s/_____
                                                         Jon M. Moyers