United States District Court
For the District of Wyoming

TRI COUNTY TELEPHONE
ASSOCOIATION, INC., a Wyoming
corporation,

           Plaintiff,
vs.

JOE CAMPBELL and BARBARA
CAMPBELL, and JOHN AND JANE
DOES 1-10,

           Defendants.

Civil No. 17-CV-089-F

**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT**
**[DOC. 46]**

This case is before the Court on Plaintiff's Motion for Leave to Amend Complaint [Doc. 46]. After carefully considering the Motion, Response, along with other arguments made during the April 12, 2018, hearing the Court orders as follows:

Plaintiff's Motion for Leave to Amend Complaint is denied. Plaintiff has failed to demonstrate either the good cause for seeking to amend the pleadings after the scheduling order deadline under Rule 16(b)(4), or satisfy the Rule 15(a) standard for amending the complaint. In short, Plaintiff's failure to meet the scheduling order deadline is not supported by good cause, and the Motion to Amend is untimely and would unduly prejudice Defendants.

### BACKGROUND

This case is before the Court on Plaintiff Tri County Telephone Association, Inc.'s, suit against Defendants Joe Campbell, its former board member, and Barbara Campbell, his

wife, for allegedly misappropriating information that is confidential, proprietary and secret to the company, including accessing information on a company issued computer. Specifically, Plaintiff alleges Defendants misappropriated trade secrets under the Defend Trade Secrets Act, 18 U.S.C. 1836 (Count I); intentionally or tortiously interfered with Plaintiff's contract and business expectancy with Union Bank (Count II); intentionally or tortiously interfered with Plaintiff's contract and business expectancy related to the Cody Data Center (Count III); intentionally or tortiously interfered with Plaintiff's contract and business expectancy with its customers (Count IV); violated the Computer Fraud and Abuse Act, 18 U.S.C. 1030(a)(2)(2) (Count V) and 18 U.S.C. 1030 (a)(4) (Count VI); breached the non-disclosure agreement (Count VII); and illegally kept the computer through conversion (Count VIII). By prior order of the Court, Count I was dismissed without prejudice.

Defendants allege this case was filed in retaliation and intimidation for the Campbell Defendants' filing a class action suit in the District Court of Park County, Wyoming. Defendants assert the Computer Fraud and Abuse Act has no application to this case and claim Defendants have not violated it in any event. Defendants also claim to have acted with legal right in filing and prosecuting the class action pending in state district court in Wyoming and have done nothing to tortiously interfere with any contract or business expectancy of Plaintiff.

On February 27, 2018, the Court held an informal telephonic discovery conference to discuss Plaintiff's request to seek relief from the current trial dates and deadlines and seeking permission to file an amended complaint. After hearing from the parties, the Court ordered Plaintiff to file its motion to amend the complaint on or before March 2, 2018, and temporarily stated all trial dates and deadlines pending a ruling on the anticipated motion to

amend.  The Court further stated it would refrain from ruling on the two pending Motions for Protective Order [Docs. 38 and 39 ] until the motion to amend has been addressed.  Lastly, the Court stated it would hold a scheduling conference to reset the trial schedule once the motion to amend is ruled upon.

**MOTION TO AMEND**

Plaintiff seeks to file an amended complaint reasserting its previously dismissed claim for misappropriation of trade secrets in violation for 18 U.S.C. § 1836, and to include two additional computers used by Defendants.  On July 19, 2017, the District Court dismissed Plaintiff's Count I alleging misappropriation of trade secrets stating that there was no dispute "Plaintiff is the owner of certain trade secrets," but that the description of "trade secrets" was inadequate.  Order Granting in Part and Denying in Part Defs.' Mot. to Dismiss, Jul. 19, 2017, ECF No. 14, 12.  Plaintiff claims to have added the necessary specificity to the claim.  In particular, Plaintiff alleges Defendants were provided internal confidential information, Verizon Wireless confidential information, and merger information.  Plaintiff argues this information meets the definition of trade secrets and also argues it has sufficiently alleged how this information was misappropriated.

Next, Plaintiff seeks to include two additional computers used by Defendants to access confidential business information.  Plaintiff's Complaint only names one computer, but Plaintiff claims subsequent discovery has revealed Defendants utilized two other computers to access information.  One computer was provided to Defendants by Plaintiff and the other is Defendants' personal computer.  Plaintiff claims any attempts to access the information contained on these computers through discovery efforts has been refused, and that all three computers contain relevant and discoverable data.  Plaintiff argues neither of

the proposed amendments cause any prejudice since Defendants were aware of the claim in the initial pleading, and have known of Plaintiff's desire to access the computers for some time.[1]

### DEFENDANTS' RESPONSE

Defendants oppose Plaintiff's Motion to Amend and request it be denied. Defendants argue the Motion to Amend is untimely as we are well beyond the August 8, 2017, deadline for any supplemental pleading established by the District Court in its ruling on the Motion to Dismiss [Doc. 14]. Defendants further argue Plaintiff fails to show any good cause for the delay in bringing the instant Motion to Amend, and argues amendment at this stage of the litigation process would severely prejudice Defendants. Defendants claim there is no justifiable reason for Plaintiff's delay in seeking to amend as all the information is in Plaintiff's control and could and should have been raised much sooner. Lastly, Defendants request sanctions in the form of attorney's fees and costs in addressing this Motion.

### RELEVANT LAW

Amendment of pleadings are governed by Rule 15 of the Federal Rules of Civil Procedure, and allows a party to amend its pleading once as a matter of course within twenty one days of service, or twenty one days after service of a responsive pleading or service of a Rule 12 motion. Fed. R. Civ. P 15(a)(1). After a party's time to amend as a matter of course has passed "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P 15(a)(2). The United States Court of Appeals for the Tenth Circuit has adopted a liberal standard when determining whether or not leave to amend

---

[1] The Court notes Plaintiff filed a Reply Brief on April 2, 2018 [Doc. 56]. The Reply will not be considered pursuant to Local Rule 7.1(b)(1)(D) which states"[p]arties shall not file reply briefs for any motion set for hearing."

a pleading should be given. *Martinez v. Cornell Corr. of Texas, Inc.*, 229 F.R.D. 236, 238 (D.N.M. 2005) (citing *Calderon v. Kan. Dep't of Soc. and Rehab. Services*, 181 F.3d 1180, 1185-86 (10th Cir. 1999)). This liberal policy of granting motions to amend reinforces the basic principal that pleadings should enable a claim to be heard on its merits. *Id.*; *Foman v. Davis*, 371 U.S. 178, 181-82 (1962). However, a court may deny leave to amend for reasons such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Foman*, 371 U.S. at 182. The decision of granting leave to amend is within the discretion of the trial court. *Castleglen, Inc. v. Resolution Trust Corp.*, 984 F.2d 1571, 1584-85 (10th Cir. 1993) (citing *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971)).

Courts within the Tenth Circuit have a long line of cases standing for the proposition that undue delay is a valid reason for denying a motion to amend. *See e.g., Foman*, 371 U.S. at 182 (1962); *Spreitzer v. Deutsche Nat. Trust. Co.*, No. 14—8023, 2015 WL 1786925 (10th Cir. April 21, 2015); *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1205—06 (10th Cir. 2006); *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365—66 (10th Cir. 1993); *Castleglen, Inc.*, 984 F.2d at 1585. In *Minter*, the Tenth Circuit addressed the difference between "lateness" and "undue delay" stating:

> '[a] party who delays in seeking an amendment is acting contrary to the spirit of the rule and runs the risk of the court denying permission because of the passage of time.' [6 Wright, Miller & Kane, *Federal Practice and Procedure* § 1488 (2d ed. 1990)]. The longer the delay, 'the more likely the motion to amend will be denied, as protracted delay with its attendant burdens on the opponent and the court, is itself a sufficient reason to withhold permission to amend.' *Steir v. Girl Scouts of the USA*, 383 F.3d 7, 12 (1st Cir. 2004).

*Minter*, 451 F.3d at 1205. Instead of focusing on "delay" or "lateness," courts deciding this

5

issue look to the moving party's explanation of the delay to determine whether the delay was undue. *Id*. at 1206.

Additionally, the Tenth Circuit has imposed a good cause requirement for parties seeking to amend pleadings after a scheduling order deadline, finding "that parties seeking to amend their complaints after a scheduling order deadline must establish good cause for doing so." *Gorsuch, Ltd., B.C. v. Wells Fargo Nat. Bank Ass'n*, 771 F.3d 1230, 1241 (10th Cir. 2014). Therefore, "[i]f a party is seeking leave to amend the pleadings after the scheduling order deadline, that party must demonstrate both good cause for seeking modification under Rule 16(b)(4), as well as satisfaction of the Rule 15(a) standard." *Birdsong v. Unified Gov't of Wyandotte Cty./ Kansas City, Kansas*, No. 13-2090-JAR, 2016 WL 3855488, at *2 (D. Kan. July 15, 2016)(internal citation omitted).

### RULING OF THE COURT

The Court will first address Defendants' request for sanctions. Defendants' request for sanctions is summarily denied as it lacks any legal support and is without merit. Motions for sanctions under Rule 11 "should not be employed as a discovery device or to test the legal sufficiency or efficacy of allegations in the pleadings; other motions are available for those purposes. Nor should Rule 11 motions be prepared to emphasize the merits of a party's position. . . ." Fed. R. Civ. P. 11 advisory comm. nn.

In addressing the merits of Plaintiff's Motion, Plaintiff filed the Complaint [Doc. 1] on May 26, 2017, and the District Court's Initial Pretrial Order [Doc. 22] set discovery to close on March 30, 2018, dispositive motions due by April 2, 2018, a status conference for dispositive motions was to be held on March 5, 2018, and the parties expert designation deadlines were extended to February 28, 2018, for Plaintiff and to March 30, 2018, for

Defendants.  Plaintiff filed the Motion to Amend on March 2, 2018, well after the August 8, 2017, deadline to amend pleadings set by the District Court in its ruling on the Motion to Dismiss [Doc. 14], and right in the heart of the remaining trial schedule.  As a result, Plaintiff must show both good cause for seeking to amend the pleadings after the scheduling order deadline under Rule 16(b)(4) as well as satisfy the Rule 15(a) standard.  *Gorsuch, Ltd., B.C.*, 771 F.3d at 1241.

There is no question the request to amend is untimely as it comes late in the trial process and well after the August 8, 2017, deadline to amend pleadings.  In determining if good cause exists for missing a deadline for filing motions to amend as set in a scheduling order "Rule 16(b)(4) requires Plaintiff to show he could not meet the scheduling order amendment deadline despite his 'diligent efforts' to do so." *Birdsong*, No. 13-2090-JAR, 2016 WL 3855488, at *4.  In deciding whether the delay is undue under Rule 15(a), the Court must look at Plaintiff's underlying explanation.  *See Deghand v. Wal–Mart Stores, Inc.*, 904 F. Supp. 1218, 1221 (D. Kan. 1995) ("Untimeliness is sufficient cause for denying leave, especially when the movant offers no adequate explanation for the delay.").  The Court finds the relevant considerations to establish good cause and undue delay overlap greatly, and will analyze both together.

Plaintiff's delay in filing the Motion to Amend reasserting its previously dismissed claim for misappropriation of trade secrets in violation for 18 U.S.C. § 1836, and including two additional computers used by Defendants is both undue and without good cause.  Plaintiff fails to provide any substantial justification regarding the timing of the filing of the Motion to Amend.  There is nothing to indicate Plaintiff could or should not have identified the additional computers and facts pertinent to the claim previously dismissed earlier, and

7

sought permission to amend sooner. The issues of misappropriation of trade secrets and Defendants use of computers to access information have been an integral part of this case from the beginning. Plaintiff clearly was aware of the misappropriation claim as it was plead in the original Complaint. Plaintiff also should have known of the additional computer provided to Defendants by Plaintiff. Plaintiff's own assertion is that it provided Defendants with the computer at issue, and Plaintiff has failed to show any compelling reason why the additional computer was not identified and included in this case much earlier, yet alone why it was not included with the initial computer at issue.

Plaintiff argues it has shown good cause and the delay cannot be undue since the timing of the instant Motion to Amend is predicated on Defendants failure and outright refusal to participate in discovery. Plaintiff asserts it has made numerous discovery requests in an attempt to further this case and Defendants' refusal to produce relevant and discoverable information has hindered Plaintiff's ability to move this case forward. During the hearing Plaintiff referred to this multiple times as the "chicken and egg situation" where Plaintiff is seeking discovery essential for the claim, and that discovery requires Plaintiff's to obtain the computers Defendants used to access and retain information. The Court is not persuaded by this argument since "'fishing expeditions" for new claims are no longer permitted." *Energy Intelligence Grp., Inc. v. Wells Fargo Sec., LLC*, No. 11-CV-01961-REB-KMT, 2012 WL 370252, at *1 (D. Colo. Feb. 3, 2012). *See* Fed. R. Civ. P. 26 Advisory Committee Note to 2000 Amendments ("The Committee intends that the parties and the court focus on the actual claims and defenses involved in the action.").

In dismissing Plaintiff's first cause of action for misappropriating trade secrets the District Court stated, "Plaintiff fails to explain what trade secrets Defendants are alleged to

8

have misappropriated to third parties. Without providing more specificity as to the trade secrets, the Court finds Plaintiff fails to state a claim under 18 U.S.C. § 1836(b)(l) because it fails to put Defendants on sufficient notice." Order Granting in Part and Denying in Part Defs.' Mot. to Dismiss, Jul. 19, 2017, ECF No. 14, 12-13.  The 2000 amendment to Rule 26(b)(1), "signals to the court that it has the authority to confine discovery to the claims and defenses asserted in the pleadings, and signals to the parties that they have no entitlement to discovery to develop new claims or defenses that are not already identified in the pleadings." Fed. R. Civ. P. 26, Advisory Committee Note to 2000 Amendments.  Even though Plaintiff correctly asserts the issue of misappropriation of trade secrets conducted by use of computers was identified in the initial Complaint, the concept that a plaintiff cannot use discovery to determine whether to add a claim is analogous to the present case because a court is additionally not "required to permit [a] plaintiff to engage in a 'fishing expedition' in the hope of supporting his claim." *McGee v. Hayes*, 43 Fe. Appx. 214, 217 (10th Cir. 2002). Although the *McGee* court primarily dealt with the issue of relevancy in regards to a discovery request, *Munoz v. St. Mary-Corwin Hosp.* reiterates the need for courts to avoid "fishing expeditions" and states, "[w]hen . . . a plaintiff brings an initial action without any factual basis evincing specific misconduct by the defendant then bases extensive discovery requests upon conclusory allegations in the hope of finding the necessary evidence of misconduct, that plaintiff abuses the judicial process." *Munoz v. St. Mary-Corwin Hosp.*, 221 F.3d 1160, 1169 (10th Circ. 2000).  In short, a plaintiff must first bring a cause of action with a factual basis.  A plaintiff is not permitted to assert a cause of action lacking the requisite factual basis and then proceed to engage in discovery to find such factual basis.

    The Court finds Plaintiff's alleged need to conduct discovery, including obtaining

9

information from the three computers at issue, is an attempt to pursue a factual basis in support of the misappropriation of trade secrets claim. Plaintiff should not have to conduct discovery to amend its Complaint because it should already have the factual basis to assert the claim and place Defendants on sufficient notice as to the specifics of the claim. In dismissing the misappropriation of trade secrets claim, the District Court granted Plaintiff less than a month from the July 19, 2018, Order dismissing the claim to August 8, 2018, to amend. This amendment period was not intended so Plaintiff could engage in discovery before reasserting the claim via an amended complaint, but allowed Plaintiff a short time to amend the Complaint to provide more specificity for the claim. The Court finds Plaintiff's Motion to Amend is improperly tied to discovery requests. Therefore, the Court finds the delay is undue and there is no good cause to grant Plaintiff's request to amend at this time.

The Court is cognizant of the fact Plaintiff's current counsel entered an appearance in this case several months after the case was filed. However, the Court finds the delay from late August 2017, when Plaintiff's current counsel entered an appearance, to seeking to amend six months later is undue, and based on the analysis above, Plaintiff has not shown good cause for the delay in seeking to file the proposed amended complaint.

Next, in ruling on a motion to amend under Rule 15(a), Courts also look at the potential for prejudice to the non-movant. *See Zenith Radio Corp.,* 401 U.S. at 331. At this stage of the proceedings allowing Plaintiff to file an amended complaint adding a claim for misappropriation of trade secrets and adding two new computers would be unduly and unfairly prejudicial to Defendants. There has been no sufficient justification for why Plaintiff waited so long to seek to amend the Complaint. This delay is compounded by the fact the case has been active for nearly a year and has progressed to the latter stages of the

litigation process. Plaintiff's original Complaint was filed on May 26, 2017, both party's expert designation deadlines have passed, discovery is closed, the dispositive motions deadline has passed, and the previously set final pretrial and jury trial dates are fast approaching. Allowing Plaintiff to file an amended complaint would likely require a complete overhaul of the trial schedule including the reopening of discovery and setting a new trial date.[2] Further, Defendants should have the opportunity to properly address any new claims by conducting discovery, and making their own determination of how to defend the new claims. There is insufficient time for Defendants to challenge a new claim by dispositive motion. Defendants should have the opportunity to fairly defend against all claims that are brought, and at this late stage in the proceeding that would not be possible without unnecessarily delaying the process.

## CONCLUSION

The grant or denial of leave to amend is within the sound discretion of the court. *T.V. Communications, Inc. v. Turner Network Television, Inc.*, 964 F.2d 1022, 1028 (10th Cir. 1992) *cert. denied*, 113 S. Ct. 601, 121 L.Ed.2d 537 (1992). However, according to the Tenth Circuit Court of Appeals "[r]efusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments to previously allowed, or by futility of the amendment." *Frank*, 3 F.3d at 1365. The Court finds Plaintiff has failed to demonstrate either the good cause for seeking to amend the pleadings after the scheduling order deadline

---

[2] The Court temporarily stayed all trial dates and deadlines pending a ruling on the instant Motion to Amend, and will hold a scheduling conference to reset the trial schedule. While it is clear the discovery and dispositive motions deadlines will need to be extended, the Court is hopeful it can still utilize the previously set final pretrial and trial dates.

11

under Rule 16(b)(4), or satisfy the Rule 15(a) standard for amending the complaint. Specifically, the Court finds Plaintiff's failure to meet the scheduling order deadline is not supported by good cause, and the Motion to Amend is untimely and would unduly prejudice Defendants.

NOW, THEREFORE, IT IS ORDERED Plaintiff' Motion for Leave to Amend Complaint [Doc. 46] is DENIED.

IT IS FURTHER ORDERED the parties attend a telephonic scheduling conference. The scheduling conference will be set by separate notice.

Dated this 17th day of April, 2018.

_____
Kelly H. Rankin
United States Magistrate Judge