

United States District Court

For the District of Wyoming

| | |
|---|---|
| TRI COUNTY TELEPHONE ASSOCOIATION, INC., a Wyoming corporation,<br><br>Plaintiff,<br>vs.<br><br>JOE CAMPBELL and BARBARA CAMPBELL, and JOHN AND JANE DOES 1-10,<br><br>Defendants. | Civil No. 17-CV-089-F |

**ORDER RULING ON PLAINTIFF'S MOTION FOR PROTECTIVE ORDER [DOC. 39] AND RULING ON DEFENDANTS' MOTION FOR PROTECTIVE ORDER [DOC. 38]**

This case is before the Court on Plaintiff's Motion for Protective Order [Doc. 39] and Defendants' Motion for Protective Order [Doc. 38]. After carefully considering the briefing, the Court orders as follows:

### BACKGROUND

This case is before the Court on Plaintiff Tri County Telephone Association, Inc.'s, suit against Defendants Joe Campbell, its former board member, and Barbara Campbell, his wife, for allegedly misappropriating information that is confidential, proprietary and secret to the company, including accessing information on a company issued computer. Specifically, Plaintiff alleges Defendants misappropriated trade secrets under the Defend Trade Secrets Act, 18 U.S.C. 1836 (Count I); intentionally or tortiously interfered with Plaintiff's contract and business expectancy with Union Bank (Count II); intentionally or tortiously interfered with Plaintiff's contract and business expectancy related to the Cody Data Center (Count III);

intentionally or tortiously interfered with Plaintiff's contract and business expectancy with its customers (Count IV); violated the Computer Fraud and Abuse Act, 18 U.S.C. 1030(a)(2)(2) (Count V) and 18 U.S.C. 1030 (a)(4) (Count VI); breached the non-disclosure agreement (Count VII); and illegally kept the computer through conversion (Count VIII).  By prior order of the Court, Count I was dismissed without prejudice.

Defendants allege this case was filed in retaliation and intimidation for the Campbell Defendants' filing a class action suit in the District Court of Park County, Wyoming. Defendants assert the Computer Fraud and Abuse Act has no application to this case and claim Defendants have not violated it in any event.  Defendants also claim to have acted with legal right in filing and prosecuting the class action pending in state district court in Wyoming and have done nothing to tortiously interfere with any contract or business expectancy of Plaintiff.

On January 11, 2018, the District Court issued an Order [Doc. 35] granting Plaintiff's Motion for Issuance of Writ of Replevin and ordering Defendant Joe Campbell to return Plaintiff's laptop.  On January 19, 2018, the parties participated in an informal telephonic discovery conference.  During this conference, this Court ordered the parties to confer and work together on the terms of a stipulated protective order addressing the computer at issue in the Court's Order Granting Motion for Issuance of Writ of Replevin [Doc. 35].  The parties were given until January 26, 2018, to submit a stipulated protective order.  In the event the parties were unable to agree on the terms of a stipulated protective order, the parties were given until January 31, 2018, to file separate proposed protective orders with any argument in support of their respective position.  The parties were unable to agree upon the terms of a stipulated protective order.  Plaintiff filed a Motion for Protective Order [Doc.

39] and Defendants filed a Motion for Protective Order Governing Inspection of Computer [Doc. 38]. On February 14, 2018, Defendants filed a Response to Plaintiff's Motion. Plaintiff filed a Reply on February 22, 2018.

## RELEVANT LAW

Under Rule 26 of the Federal Rules of Civil Procedure parties to a lawsuit:

> may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1). After the 2015 amendments to Rule 26, the scope of discovery is no longer defined by any information that is "reasonably calculated to lead to admissible evidence." *Brandt v. Von Honnecke*, No. 15-CV-02785-RM-NYW, 2018 WL 510277, at *3. The applicable test now consists of two parts, whether the discovery sought is relevant to any party's claim or defense, and whether the requested discovery is proportional to the needs of the case. *Id.*; Fed. R. Civ. P. 26(b)(1). Relevant evidence is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence." *Id.*; Fed. R. Evid. 401. The burden of "addressing all proportionality considerations" is not on the party seeking discovery, rather all "[t]he parties and the court have a collective responsibility to consider the proportionality of all discovery and consider it in resolving discovery disputes." Fed. R. Civ. P. 26, Adv. Comm. Notes, 2015 Amendments; *National Railroad Passenger Corp. et al v. Cimarron Crossing Feeders, et al*, 16-cv-1094-JTM-TJJ, 2017 WL 4770702, at *4 (D. Kansas 2017) (discussing a change from the 2015 amendments was to restore

"proportionality to the definition of the scope of discovery."). Neither do the revised rules permit the opposing party to "refuse discovery" with boilerplate objections in regards to proportionality. Fed. R. Civ. P. 26, Adv. Comm. Notes, 2015 Amendments.

Further, Rule 26 and controlling precedent from this circuit allow a trial court discretion in implementing the terms of discovery, including protective orders, "which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. . . ." Fed. R. Civ. P. 26(c)(1); *See Marsee v. U.S. Tobacco Co.*, 866 F.2d 319 (10th Cir. 1989). A court may issue a protective order upon a showing of good cause, with the party seeking protection bearing the burden of proof. Fed. R. Civ. P. 26(c); *S.E.C. v. Goldstone*, 301 F.R.D. 593, 645 (D.N.M. 2014)(citations omitted). "The good cause standard is highly flexible, having been designed to accommodate all relevant interests as they arise." *Brandt*, 2018 WL 510277, at *3 (citing *Rohrbough v. Harris*, 549 F.3d 1313, 1321 (10th Cir. 2008)). The discretion and flexibility in addressing motions for protective orders allows a court to specify the terms of disclosure. Fed. R. Civ. P. 26(C)(1)(B); *Brandt*, 2018 WL 510277, at *3.

### RULING OF THE COURT ON MOTIONS FOR PROTECTIVE ORDERS

The parties were unable to agree upon the terms of a stipulated protective order and each side submitted a Motion for Protective Order as instructed by the Court. The first issue to be addressed is Plaintiff's desire to not only view the pertinent information contained on the computer at issue in the District Court's Order Granting Motion for Issuance of Writ of Replevin [Doc. 35], but to also inspect two additional computers. The two additional computers Plaintiff seeks access to are a Dell Laptop computer provided to Defendant Joe Campbell by Plaintiff identified as "Board-04" and Defendant Joe Campbell's personal home

4

computer identified as "LAPTOP".[1]  Plaintiff claims the Dell Laptop is similar to the computer at issue in the Order Granting Motion for Issuance of Writ of Replevin [Doc. 35] since it was owned by Plaintiff, was provided for Defendant Joe Campbell's use as a board member, and should have been returned or wiped clean.  In support of the Motion, Plaintiff includes an affidavit from its Chief Technology Officer Richard Wardell.  Mr. Wardell states documents on Plaintiff's computer system are password protected, and only those persons with credentials can gain access.  Aff. of Richard Wardell, Jan. 31, 2018, ECF No. 39-1, at 2.  Mr. Wardell goes on to state each person who accesses the computer creates a data trail containing the time, date, location, means, computer, and identity of the documents accessed.  *Id*.  Mr. Wardell states the data shows Defendant Joe Campbell accessed confidential information from not only the H.P. Laptop subject to the Order on Writ of Replevin [Doc. 35], but also Dell Laptop and Personal computer.  As a result, Plaintiff asks the Court order Defendants to produce all three computers for inspection and review.

Much like the district court's ruling in its Order Granting Motion for Issuance of Writ of Replevin [Doc. 35], this Court finds the two additional computers are subject to Plaintiff's inspection and review.  Pursuant to Rule 26 of the Federal Rules of Civil Procedure, Plaintiff has shown these computers may contain potentially relevant information regarding the underlying claims of this case.  Specifically, Plaintiff's entire action is based on the assertion

---

[1] While Defendants are correct there is some discrepancy in Plaintiff's identification of the three computers at issue, it is abundantly clear there are three separate computers being sought, and Defendants have been provided with sufficient information to identify each computer.  For purposes of this Order, the Court will use the term "HP Laptop" to identify the computer at issue in the district court's Order Granting Motion for Issuance of Writ of Replevin [Doc. 35], "Dell Laptop" to identify the additional laptop computer owned and provided to Defendant Joe Campbell by Plaintiff, and "Personal computer" to identify Defendant Joe Campbell's own computer.

Defendants Joe and Barbara Campbell misappropriated confidential, proprietary, and secret information, including accessing the information via each of these three computers. Plaintiff's request is also proportional to the needs of the case as Plaintiff is only seeking to back-up the data, and not destroy any information. Defendants' privacy concerns can also be addressed by limiting Plaintiff's review of the data. Therefore, Defendants shall turn over the computers identified as Dell Laptop and Personal computer for Plaintiff's review.[2]

The Court will next address the terms and conditions of Plaintiff's inspection of the computers. Defendants ask Plaintiff be prohibited from reviewing any information protected by the attorney-client privilege, work product doctrine, or personal information such as financial information. Plaintiff does not oppose this request, but asks that Defendants provide a privilege log specifically identifying files they believe are protected. The Court agrees with Plaintiff. Before the computer subject of the Court's Order Granting Motion for Issuance of Writ of Replevin [Doc. 35] was returned to Plaintiff, both defense counsel and its consultant downloaded the data. Defendants still have the other two computers in their possession and are able to download the data before turning them over to Plaintiff. After downloading the data, Defendants are able to identify any claimed privileged or personal financial information and provide a privilege log containing sufficient specificity to allow the Court to analyze the claimed privilege. Therefore, Defendants are required to produce a privilege log identifying any specific files they claim are privileged. To simply say Plaintiff shall not access any attorney-client or personal financial information is not sufficient when

---

[2] Although discoverable, review and back up of Defendant's home computer identified as Personal computer will be limited.

Defendants have access to, and can identify any and all specific files and documents they claim are protected.

Next, Defendants ask Plaintiff not be allowed to access or back up emails or email accounts. Defendants argue use of one's own email account cannot be unauthorized access of a computer, and denying access to email serves to protect any attorney-client or personal financial information. Plaintiff's Complaint includes the claim that Defendants not only accessed proprietary, confidential, or otherwise nonpublic information, but that they also improperly shared, disclosed, and/or published the protected information to Plaintiff's detriment. This renders Defendants use of email and email accounts relevant and therefore discoverable. In particular, as stated by Mr. Wardell, the historical data shows Defendant Joe Campbell accessed protected documents from each of the three computers, and that once accessed the documents could be downloaded, saved, printed, and even emailed. Aff. of Richard Wardell, Jan. 31, 2018, ECF No. 39-1, at 3. As a result, Plaintiff is allowed to access all non-privileged information to determine what, if anything, Defendants did with any protected documents. This includes email and email accounts subject to the same limitations already identified.

Lastly, Defendants ask to have a personal representative present at all times data is being examined by Plaintiff's computer forensics expert. This request is not necessary as Plaintiff, along with anyone reviewing, analyzing, or performing any work related to the three computers at issue, are subject to the terms and conditions of this Order.

## CONCLUSION

Rule 26 and controlling precedent from this circuit allow a trial court broad discretion in implementing the terms of discovery. Fed. R. Civ. P. 26(c); *See Marsee v. U.S. Tobacco*

*Co.*, 866 F.2d 319 (10th Cir. 1989). "Considerations of both relevance and proportionality now govern the scope of discovery. Relevance is still to be 'construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on' any party's claim or defense. Information still 'need not be admissible in evidence to be discoverable.'" *Rowan v. Sunflower Elec. Power Corp.*, No. 15-CV-9227-JWL-TJJ, 2016 WL 3745680, at *2 (D. Kan. July 13, 2016) (internal citations omitted). Plaintiff has carried the burden of showing the information contained on the three computers is relevant to the underlying claims, proportional to the needs of the case, and that Defendants concerns can be protected. Additionally, the Court notes it is only ruling on the issues surrounding discovery and is in no way making a determination regarding the admissibility of any documents or information obtained during the discovery process. Lastly, while this order establishes the parameters of Plaintiff's search of the three computers and provides some protections, the Court will grant the parties additional time to work together on any additional terms necessary to protect all parties.

NOW, THEREFORE, IT IS ORDERED Plaintiff's Motion for Protective Order [Doc. 39] and Defendants' Motion for Protective Order Governing Inspection of Computer [Doc. 38] are GRANTED IN PART and DENIED IN PART.

IT IS FURTHER ORDERED Plaintiff shall have full access to the data on the HP Laptop computer that was returned to Plaintiff in [Doc. 35] and the computer identified as Dell Laptop, subject to Defendants' claim of certain limited privileges.

IT IS FURTHER ORDERED Defendants shall produce the Dell Laptop to Plaintiff on or before May 1, 2018.

IT IS FURTHER ORDERED Defendants shall identify on or before May 1, 2018, on a privilege log, all files on the H.P. Laptop subject to [Doc. 35], and the Dell Laptop that (a) constitute Defendants' attorney-client communications or (b) Defendants' personal financial data. The identification of privilege shall be with sufficient specificity for Plaintiff and the Court to assess any claimed privilege and identify the files on the computer.

IT IS FURTHER ORDERED Plaintiff shall not access the items identified on the privilege log.

IT IS FURTHER ORDERED Defendants produce the computer or pertinent data contained on Defendants' Personal computer to Plaintiff on or before May 1, 2018.  Plaintiff shall be provided access to this computer for the limited purpose of inspecting all files downloaded from Plaintiff or Plaintiff's Board of Directors by Defendant Joe Campbell from this computer.  Defendants are ordered to segregate for inspection all files accessed or downloaded on this computer by Defendant Joe Campbell for purposes of this limited inspection.

IT IS FURTHER ORDERED neither party shall take any action to delete or otherwise alter the data stored on any of the computers.  Any purposeful deletion or alteration of the data will be subject to sanctions by the Court.

IT IS FURTHER ORDERED the parties are prohibited from using or disclosing the information or documents for any purpose other than the litigation in the above-captioned action.

IT IS FURTHER ORDERED the parties abide by the terms and conditions of this Order as stated above.

IT IS FURTHER ORDERED the parties, after conferral, may submit any additional terms and conditions protecting this information to the Court by May 1, 2018.

Dated this 17th day of April, 2018.

_____
Kelly H. Rankin
United States Magistrate Judge