Jon M. Moyers, WY State Bar #6-3661
MOYERS LAW P.C.
3936 Avenue B, Suite D
Billings, Montana 59102
 (406) 655-4900
 jon@jmoyerslaw.com

Russell D. Yerger, WY State Bar #5-2455
YERGER LAW FIRM P.C.
2722 3rd Avenue North, Suite 400
Billings, Montana 59101
406-256-1500
406-256-1511 fax
ryerger@180com.net

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| TRI COUNTY TELEPHONE ASSOCIATION, INC., a Wyoming corporation,<br><br>Plaintiff,<br><br>vs.<br><br>JOE CAMPBELL AND BARBARA CAMPBELL and JOHN AND JANE DOES 1-10,<br><br>Defendants. | Cause No.  17-CV-89-F<br><br>BRIEF IN SUPPORT OF MOTION FOR EXTENSION |

In opposition to Defendants' Notice of Noncompliance and in support of Plaintiff's Motion for Extension of Time to Respond, Plaintiff respectfully states:

Courts must be "mindful that summary judgment is a drastic remedy and should be awarded with care" to the end that litigants will have a trial on bona fide factual disputes. *Roemer v. Public Service Co. of Colorado*, 911 F. Supp. 464 (D. Col. 1996); *Conaway v. Smith,* 853 F.2d 789, 792 (10th Cir.1988) (citing *Jones v. Nelson,* 484 F.2d 1165, 1168 (10th

Page 1

Cir.1973)).  The purpose of summary judgment is "not to cut litigants off from their right of trial by jury if they really have issues to try."  *See Poller v. Columbia Broadcasting Systems, Inc.*, 368 U.S. 464, 467 (1962).

Rule 56(d) provides that the adjudication of a summary judgment motion may be delayed in order to "give an opportunity" to the responding party to "properly support or address" contentions in the motion.  Fed.R.Civ.P. 56(d).  Subdivision (e)(1) recognizes that the court may afford a party an opportunity to properly support or address the other party's assertion of fact, which in many circumstances "will be the court's preferred first step."  Fed.R.Civ.P. 56(e) Advisory Committee notes, 2010 amendments.  A court may choose not to consider a fact undisputed under subdivision (e)(2), "particularly if the court knows of record materials that show grounds for genuine dispute."  *Id.*

In this case, the Notice filed by Defendants is inconsistent with the spirit of the Rules and the recent discussions with the Court.  Plaintiff believed that the two recent status conferences related to extension of the discovery schedule, *after* the summary judgment had been filed, were intended to allow the completion of long sought discovery and depositions, which Plaintiff understood allowed for a delayed response to the summary judgment motion.  Plaintiff believed that those discussions to extend the deadlines were to allow the parties time to comply with the briefing schedule for substantive motions.  Plaintiff was thus surprised by the immediate filing of a Notice of Noncompliance *one day* after the 14 days passed from the date of the combined summary judgment motion and motion to stay.

For months Plaintiff had worked with defense counsel, in conjunction with the Court, to obtain data from the three computers in preparation for the deposition of the defendants.  In fact

Judge Freudenthal had commended counsel for their good working relationship. Dates had passed between counsel for those depositions and, only just recently, defense counsel provided two days for his clients' deposition on March 27 and 28, 2019. The parties also had agreed to mediation. In reliance on these discussions and the scheduling of those depositions, Plaintiff believed it had time to have responded to the motion. In the known absence of the requested discovery and depositions, Plaintiff's response would have been incomplete.

The supposed deadline for responding to the summary judgment motion was further complicated by the undersigned counsel's recent attendance at an out-of-state funeral, a fact known to defense counsel.

If, as now claimed by Defendants, the deadline to respond to the motion was on March 15, 2019, Plaintiff requests an extension to respond to that motion upon the completion of Defendants' deposition, or by April 12, 2019. The purpose for the Court's recent extension of the discovery deadline would be wholly undermined by granting Defendants' motion without Plaintiff being able to respond to that motion after the requested discovery and depositions. Plaintiff submits that good cause thus exists for the extension sought by this motion, and Defendants can show no prejudice associated with this Court's determination of the issues in this case on their merits.

Summary disposition of this case based on an alleged noncompliance is a harsh result under any circumstances, but certainly under the facts known to the Court. According to the spirit of the federal rules of civil procedure, the case should be decided on the merits and not on hyper-technical grounds or by sharp motion practice. *In re Phenylpropanolamine Product Liability Litigation*, 460 F.3d 1217 (9th Cir. 2006); *Malone v. U.S. Postal Serv.*, 833 F.2d 128,

130 (9th Cir. 1987); *Haburjak v. Prudential Bache Securities, Inc.*, 759 F.Supp. 293 (W.D.N.C. 1991). This is not a case where Plaintiff has been neglectful in pursuing discovery, but instead the timing and manner in which it has diligently pursued discovery has been the subject of several conferences with Magistrate Judge Rankin.

For the reasons set out herein and the accompanying motion and declaration of counsel, Plaintiff moves this Court for the extension to allow it to respond to the pending motion after being armed with the discovery and depositions that have long been the subject of Plaintiff and this Court's focus.

DATED this 21st day of March, 2019.

                                                          YERGER LAW FIRM P.C.

By:   *s/s Russell D. Yerger*
       Russell D. Yerger, WY State Bar #5-2455
       YERGER LAW FIRM P.C.
       2722 3rd Avenue North, Suite 400
       Billings, Montana 59101
       406-256-1500
       406-256-1511 fax
       ryerger@180com.net

Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was filed using the CM/ECF system which served the following individual:

Richard R. Thomas
Smith LC
PO Box 8729
Jackson, WY  83002

on     03/21/19                                      /s/
                                                         Russell D. Yerger